## UNITED STATES v. MYERS.

(District Court, W. D. Kentucky. March 16, 1923.)

No. 10197.

1. **Criminal law ⬚393(1)—Searches and seizures ⬚7—Search of automobile for liquors, on mere suspicion that driver was intoxicated, illegal, and evidence so obtained inadmissible.**

Where a prohibition agent observed what he thought were indications that the driver of an automobile was intoxicated, and without a search warrant stopped and searched the automobile with a drawn pistol in his hand, and found liquor in the automobile, such search was illegal, under Const. Amend. 5, as to compelling one to give evidence against himself; the mere supposition that the driver of the automobile was intoxicated not bringing the facts within the principle of cases dealing with palpable violations of law, such as where an officer sees liquor being loaded on an automobile, or plainly sees liquor leaking from a vehicle in which it is being transported. Incidentally this conclusion may be aided by the provisions of the Fourth Amendment.

2. **Intoxicating liquors ⬚17—Prohibition Act not supreme law.**

The Constitution as a whole, and not the National Prohibition Act, is the supreme law of the land.

Prosecution by the United States against Robert Myers. On defendant's motion for instructed verdict. Motion sustained.

W. S. Ball, U. S. Atty., of Louisville, Ky.

James P. Edwards, of Louisville, Ky., for defendant.

WALTER EVANS, District Judge. [1] The only witness heard for the United States was J. L. Asher, Prohibition Agent. He testified that while riding in his automobile along one of the public highways leading into the city of Louisville he passed another automobile coming in the same direction. He observed what he thought were indications that the driver of the latter was intoxicated, and drove on until he came to a bridge. When he reached a point near its farther end he turned his automobile across it, got out, and drew his pistol. With that in his hand he went back to the other approaching automobile and halted it. Retaining the pistol in his hand, he proceeded, without the consent of the owner, to open the door of this automobile, searched it, and found whisky in it. Asher at this time had no search warrant, nor had he the owner's consent to search the automobile.

This being the case of the government, as presented by its testimony, the defendant has moved the court to instruct the jury to return a verdict of not guilty. The question thus presented, and which has been fully argued, is as old as our Constitution, and was regarded by the people as so essential to their liberties that in a very short time after the Constitution itself was ratified an amendment thereto was made effective covering cases like this.

The essential question raised by the defendant's motion, though of great importance, is by no means new nor difficult. It has indeed come before us under various circumstances, and has always been decided in the same way, if the facts were such as appear here. This was done upon grounds now to be briefly stated.

⬚For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Ignoring for the present the fact that there was an absence of a search warrant as being comparatively insignificant, we come to the question of prime importance, namely: Can testimony against any citizen, obtained as this was, be the sole basis of a conviction for a public offense, or can testimony thus extorted be used against the defendant at all?

[2] The National Prohibition Act (41 Stat. 305) is, of course, very important, and its provisions are to be obeyed and enforced, as they always have been here in a vast number of proper cases; but that act is by no means the supreme law of the land. That great instrument, the Constitution of the United States, yet occupies that exalted position.

Article 5 of the Amendments thereto provides, among other things, that no person shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property without due process of law. The vital question presented here, therefore, is: Was this defendant in this criminal case, by the conduct of Asher in acquiring information in the way described, thereby compelled to give testimony against himself?

Time at our command just now is too limited to afford opportunity for going into much detail, but it seems entirely clear that evidence obtained in the manner shown here cannot be used against the defendant without an energetic disregard of the Fifth Amendment to the Constitution. In many cases, however, the subject has been fully considered and the applicable principles very clearly stated.

In Snyder v. United States, 285 Fed. 3, recently decided by the Circuit Court of Appeals of the Fourth Circuit, those decisions were summarized, when it was said that:

"The federal courts have therefore adopted the policy of excluding evidence illegally obtained by a federal officer, whether the evidence so obtained was by unlawful invasion of his home or of his person, on the ground that to hold otherwise would be to require him to supply evidence against himself. So fully have these questions been discussed in recent opinions of the Supreme Court that we regard anything more than a reference to the cases useless, as well as wholly out of place. Boyd v. U. S., 116 U. S. 616, 6 Sup. Ct. 524, 29 L. Ed. 746; Weeks v. U. S., 232 U. S. 383, 34 Sup. Ct. 341, 58 L. Ed. 652, L. R. A. 1915B, 834, Ann. Cas. 1915C, 1177; Silverthorne Lumber Co. v. U. S., 251 U. S. 385, 40 Sup. Ct. 182, 64 L. Ed. 319; Gouled v. U. S., 255 U. S. 298, 41 Sup. Ct. 261, 65 L. Ed. 647; Amos v. U. S., 255 U. S. 313, 41 Sup. Ct. 266, 65 L. Ed. 654."

Nothing further would seem to be necessary, though another provision of the Constitution is also applicable to the situation as presented by the testimony of the prohibition agent. The Fourth Amendment very explicitly provides that:

"The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

In respect to those provisions of the Constitution we need not do more than refer to two very clear and explicit opinions of the Supreme Court of the United States condemning such searches, viz.: Weeks v.

United States, 232 U. S. 383, 34 Sup. Ct. 341, 58 L. Ed. 652, L. R. A. 1915B, 834, Ann. Cas. 1915C, 1177, and Silverthorne Lumber Co. v. United States, 251 U. S. 385, 40 Sup. Ct. 182, 64 L. Ed. 408. It seems altogether certain, therefore, alike under the Fifth Amendment and under the Fourth Amendment to the Constitution of the United States, that no proper or sufficient testimony has been offered in this case to justify the conviction of the defendant.

We do not, of course, lose sight of the further proposition that if, for example, an officer sees intoxicating liquors being loaded upon an automobile or other vehicle, he can thereupon seize the vehicle and arrest the person who has put the liquor upon it. He does not, under such circumstances, have to extort from the offender any testimony. Other palpable situations might also authorize similar action, such, for example, as plainly seeing the liquor leaking from a vehicle in which it is being transported, such a leak expending itself upon the public highway and the spirits spreading themselves and their odor along the road. No testimony would have to be extorted from the offender in cases like these, as the whole situation in each supposed case is developed by facts plainly shown.

It was under circumstances similar to those last described that Judge Cochran, of the Eastern District of Kentucky held a seizure and arrest to be entirely proper, and there can be no doubt about the perfect accuracy of that decision, though it is by no means applicable to a case like this, where the only testimony that an offense had been or was being committed was discovered at the point of a pistol and without the consent of the defendant. A mere supposition that the driver of the automobile was possibly intoxicated in no way brought this case within the principle of the one so decided, nor justified depriving the defendant of his constitutional rights.

His motion for an instructed verdict of not guilty is therefore sustained, and the jury will be directed accordingly.