## UNITED STATES v. NEADEAU.

(District Court, W. D. Washington, N. D. November 5, 1924.)

No. 8879.

**1. Searches and seizures ⊂⇒3—Description in affidavit for search warrant held to sufficiently identify premises.**

Affidavit describing premises to be searched as "second house on north side of Duvall-Monroe highway and west from highway bridge over Skykomish river in Snohomish county, state of Washington," used and occupied by parties previously described, *held* to sufficiently identify the premises, in absence of particular description.

**2. Searches and seizures ⊂⇒7—Search of automobile held not unreasonable.**

Search of defendant's automobile on premises on which intoxicating liquor had been found, and which "bore the aspect of a common nuisance," under National Prohibition Act, tit. 2, § 21 (Comp. St. Ann. Supp. 1923, § 10138½jj), *held* not unreasonable, nor within constitutional inhibition.

Criminal prosecution by the United States against Luther L. Neadeau for possession and transportation of distilled spirits. On motion to suppress evidence alleged to have been procured illegally. Motion denied.

The defendant was arrested, charged with violating the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.) by possessing and transporting five gallons of distilled spirits. He moves to suppress on the ground that the search warrant did not describe the premises nor give the name of the defendant; that his home was searched in his absence, and upon returning to his home, driving his automobile, it was searched and a keg of distilled spirits found in the rear of the tonneau. The affidavit for search warrant states that the true name of the defendant is unknown, and gives his name as John Doe Richards or Richard Roe Johnson; that the premises described are as follows: "* * * Certain premises, county of Snohomish, state of Washington, and in said district, more fully described as second house on north side of Duvall-Monroe highway and west from highway bridge over Skykomish river in Snohomish county, state of Washington, and on the premises used, operated, and occupied in connection therewith, and under

the control and jurisdiction of said above parties."

The affidavit further states that there is only one bridge across the Skykomish river on the Duvall-Monroe highway, and that the said bridge is situated to the west and to the south, in other words, in a southwesterly direction, from the town of Monroe, and the Duvall-Monroe highway is the only road running from Duvall to Monroe, and then states that the affiant "found several dozen pints, half pints, and gallon glass containers in the said house of said defendant, all having a small amount of distilled spirits; that this affiant and the other agents above mentioned were on the premises of said defendant and in the yard when the said defendant drove into said premises through an open gate and into the yard, and that the said automobile was a sedan, being glass inclosed, and the said ten gallons of distilled spirits in said container was setting upright in the back of the car, plainly visible to these agents before an arrest was made, or a search was made of said automobile."

J. W. Hoar, Asst. U. S. Atty., of Seattle, Wash.

John J. Sullivan, of Seattle, Wash., for defendant.

NETERER, District Judge (after stating the facts as above). [1] If the act of the officers was not an unlawful invasion of the premises of the defendant, the motion must be denied. The description of the premises of the defendant I think is sufficient. Actual location upon the ground, sufficient to enable the identity of the premises, is sufficient in the absence of particular description. In the absence of other controlling circumstances, U. S. v. Myers (D. C.) 287 F. 260, would be persuasive. In the instant case the officers found in the house "several dozen pints, half pints, and gallon glass containers, all having a small amount of distilled spirits."

Section 21, tit. 2, Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138½jj), provides: "Any room * * * where intoxicating liquor is * * * kept * * * in violation of this [act] * * * is * * * declared to be a common nuisance * * *."

[2] This place, with the bottles and containers of intoxicating liquor, "bore the aspect of a common nuisance." The defendant being upon the premises, in the possession of a ten-gallon keg of distilled spirits,

he was violating the law, and under the circumstances disclosed, the search was not unreasonable, and within the inhibitions of the constitutional provisions. Sayers v. U. S. (C. C. A. This Circuit, Oct. 20, 1924) 2 F. (2d) 146.

The motion to suppress is denied.