## BROWN v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. March 23, 1925.)

No. 4316.

1. **Criminal law** ⟳1036(2)—**Competency of evidence dependent on legality of arrest held reviewable, notwithstanding lack of specific objection on trial.**

Where case was tried with little or no formality, and counsel understood that legality of arrest and competency of testimony should be determined by court, *held*, such matters were properly before reviewing court, though testimony was not specifically objected to.

2. **Arrest** ⟳63(4)—**Officer may arrest without warrant only on reasonable cause to believe that offense is being committed, not on mere suspicion.**

Officer may arrest without warrant only on reasonable cause to believe that offense is being committed, not on mere suspicion.

3. **Arrest** ⟳63(4)—**Held invalid, as not made on reasonable cause.**

Arrest of defendant on mere suspicion that package which he was carrying and had taken from car contained bottles of liquor, and fact that officer had been informed that defendant was bootlegger and given license number of car which he drove *held* invalid, as not on reasonable cause.

In Error to the District Court of the United States for the District of Oregon; Robert S. Bean, Judge.

Ernest Brown was convicted of violation of the National Prohibition Act, and he brings error. Reversed and remanded.

Lord & Moulton, of Portland, Or., and Walter E. Hettman, of San Francisco, Cal., for plaintiff in error.

John S. Coke, U. S. Atty., and Millar E. McGilchrist, Asst. U. S. Atty., both of Portland, Or.

Before ROSS, HUNT, and RUDKIN, Circuit Judges.

RUDKIN, Circuit Judge. This is a writ of error to review a judgment of conviction under the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.). The legality of an arrest and seizure without warrant is the only question presented for our consideration.

[1] The defendant in error contends that the question is not properly before us, because there was no objection to the testimony when offered, no motion to suppress, and no application for a return of the property seized, before trial. The case was tried in the court below without a jury, with little or no formality; but we think it sufficiently appears from the record that there was an understanding between counsel for both parties that the legality of the arrest and the competency of the testimony should be determined by the court on the trial, together with the merits of the case, and the court below acted upon that understanding. The question is therefore properly here. Was, then, an arrest without a warrant authorized at the time the arrest was made?

"If the seizure is merely based upon a suspicion, and the facts are not sufficient to justify an arrest, the subsequent discovery by an examination of the evidence, secured by the seizure, that the suspicion was in fact well founded, is not sufficient to make what was unlawful at its commencement a lawful search. * * * The proper test, supported by the great weight of authority, by which this case should be decided, is: Were the circumstances presented to the officers through the testimony of their senses sufficient to justify them in a good-faith belief that plaintiff in error was in their presence transporting liquor in violation of law or that he had in their presence liquor in his

possession in violation of law? In other words, was there probable cause for them to so believe, or were the facts sufficient to give rise merely to a suspicion thereof? If the former the arrest was legal and the evidence secured by it admissible. If the latter, the arrest was illegal, and the evidence obtained not admissible." Garske v. United States, (C. C. A.) 1 F.(2d) 620, 625.

The officer who made the arrest was the only witness at the trial. He testified that the plaintiff in error parked his car at the curb of one of the public streets of the city of Portland, removed a package from the back part of the car, and started up the street; that the package was not smooth, and from its appearance might contain bottles; that he then placed the plaintiff in error under arrest; that prior to that time he had been informed that the plaintiff in error was a bootlegger, and that the license number of the car driven by the plaintiff in error had been furnished him, but the source of his information was not disclosed in either case; that on another occasion the plaintiff in error had delivered a package at an office building in the city, and that the form of the package indicated that it might contain two bottles, but what the package contained he did not know, nor did he know what the package in this case contained. Beyond the foregoing, the officer had no knowledge of any kind, and no information from any source, that a crime was being committed in his presence. He testified repeatedly that he had no such knowledge, and that he acted on suspicion only. While an officer may arrest without warrant for reasonable cause, he can only act upon evidence; he cannot act upon mere suspicion.

[2, 3] If, instead of arresting the plaintiff in error, the officer had presented all the facts within his knowledge and all the information at hand to a magistrate, no magistrate would issue a warrant of arrest for the plaintiff in error; no magistrate would hold the plaintiff in error to answer for a crime before another tribunal; no grand jury would indict; no court would submit the case to a jury; and, if the officer were sued for false imprisonment, no court would instruct that the arrest was justified, assuming all the foregoing testimony to be true. If we are correct in these conclusions, and we see no escape from them, the arrest was without authority of law, and the property wrongfully seized was not admissible in evidence.

The judgment is therefore reversed, and the case is remanded for a new trial.