### LYTLE et al. v. UNITED STATES.

(Circuit Court of Appeals, Sixth Circuit. April 8, 1925.)

No. 4274.

1. Searches and seizures ⊙⊃7—Search of automobile held not unreasonable.

Search of an automobile by prohibition agents *held* not unreasonable, where they believed, on reasonable grounds, that it was being used for the illegal transportation of liquor.

2. Criminal law ⊙⊃1036(1), 1044, 1054(1)—Admission of evidence not objected to not error.

Error cannot be assigned to the admission of the answer of a witness to a question to which no objection was made and where no

exception was taken and no motion made to strike it out.

**3. Criminal law ⊚⟹419, 420(1), 681(1)—Preliminary inquiry as to admissibility of evidence necessary, and hearsay admissible thereon.**

Where no application was made before trial for the suppression of evidence as having been obtained though an illegal search and seizure, but objection is made to its admission on the trial, the court may properly consider evidence as to the legality of the search, and in such preliminary inquiry hearsay testimony, which would not be competent to establish the crime charged, may be admissible to show the grounds on which the searching officers acted.

**4. Criminal law ⊚⟹519(3)—Voluntary statements made after arrest admissible.**

Statements made by a defendant after arrest, if in fact voluntary, are admissible.

**5. Criminal law ⊚⟹1036(3)—Objection to evidence waived by failure to object.**

Where evidence was competent as to some of the defendants tried together, its admission cannot be assigned as error by another defendant, in the absence of objection by him or request for an instruction limiting its application.

**6. Criminal law ⊚⟹901—Exception to denial of directed verdict waived by introduction of evidence.**

Exception to the overruling of a motion for directed verdict at the close of the government's case is waived by the subsequent introduction of evidence, and unless the motion is renewed at the close of all the evidence, insufficiency of the evidence is not assignable for error in the appellate court.

In Error to the District Court of the United States for the Western District of Kentucky; Charles H. Moorman, Judge.

Criminal prosecution by the United States against John Lytle and others. Judgment of conviction, and defendants bring error. Affirmed.

L. D. Greene, of Louisville, Ky. (Joseph M. Huffaker, Perry B. Miller, and T. J. Nohalty, all of Louisville, Ky., on the brief), for plaintiffs in error.

Lilburn Phelps, Asst. U. S. Atty., of Louisville, Ky. (W. S. Ball, U. S. Atty., and Claude Hudgins, Asst. U. S. Atty., both of Louisville, Ky., on the brief), for United States.

Before DENISON and DONAHUE, Circuit Judges, and WESTENHAVER, District Judge.

WESTENHAVER, District Judge. Plaintiffs in error were convicted and sentenced on three counts. The first count charges a conspiracy unlawfully to possess and unlawfully to transport intoxicating liq-

uor and specifies as overt acts: First, the unlawful possession of 105 gallons of red whisky; and, second, the unlawful transportation of 105 gallons of red whisky in a Packard touring car, license No. 186,299. The second count charges unlawful possession, and the third count unlawful transportation of the same whisky. A general verdict of guilty on all counts was returned, and a general sentence of one year and one day imprisonment imposed on each offender. No exception was taken to the charge. The errors assigned are to rulings on the admissibility of testimony and to the sufficiency of the evidence to sustain the verdict. Of the assigned errors, we shall discuss those only which were urged on oral argument or in counsel's brief. If error is not thus shown, certainly none appears in the record.

[1] 1. Lytle and Schleeter were discovered by federal prohibition agents transporting on a public highway, in a Packard touring car, license No. 186,299, 105 gallons of red whisky. Objection was made to the admission of evidence showing what the car contained, on the ground that an unreasonable search was made without a lawful search warrant. At the conclusion of the government's testimony, motion was also made to exclude all evidence as to what was discovered by the officers. Exception was properly taken and error preserved and assigned to the overruling of the objection and motion.

Upon authority of Carroll v. United States, 45 S. Ct. 280, 69 L. Ed. ——, decided March 2, 1925, by United States Supreme Court, we are of opinion that no error was committed. The evidence tending to show that the searching officers believed, and had reasonable grounds for so believing, that whisky was being unlawfully transported, is substantially the same in both cases, but less weighty in the Carroll Case than in the instant case; hence the search and seizure were not unreasonable. No useful purpose will be served by reviewing the evidence.

[2] 2. Error is also assigned to the admission of the following item of testimony given by W. H. Kinnaird, one of the searching officers: In response to a preliminary question, he answered: "I had information that Crawford—didn't say who was with him, but Crawford and one Packard automobile, No. 186,299, was going for whisky." The record discloses an objection interrupting the preceding answer, in which the witness had said, "I saw a fellow in town who told me," but no objection or exception was taken to the above-quoted answer, and no

motion made to strike it out. For this reason, an assignment of error cannot be based thereon. Pennsylvania Co. v. Whitney (6 C. C. A.) 169 F. 572, 575, 95 C. C. A. 70; Robinson v. Van Hooser (6 C. C. A.) 196 F. 623, 624, 116 C. C. A. 294; Tucker v. United States (6 C. C. A.) 224 F. 833, 840, 140 C. C. A. 279; Moore v. United States, 150 U. S. 57, 14 S. Ct. 26, 37 L. Ed. 996.

[3] As evidence of crime, this testimony was hearsay and inadmissible. A preliminary question of fact, however, had to be heard and determined by the trial judge as to the admissibility of the evidence obtained by the search and seizure. When the admissibility of testimony turns on a preliminary inquiry of fact, as whether a confession is voluntary, or a dying declaration is made under fear of immediate death and after all hope of recovery is gone, the trial judge must hear the evidence and determine that issue of fact before the evidence can be admitted. His finding is, according to some authorities, conclusive upon a reviewing court, if supported by any substantial evidence. According to other authorities, his determination is, in any event, entitled to the same weight as the like finding of a jury upon any issue of fact, and will not be disturbed in the absence of manifest error. Reynolds v. United States, 98 U. S. 145, 158, 159, 25 L. Ed. 244; Greenleaf on Ev. § 49; Jones on Ev. § 796; Wharton, Cr. Ev. (10th Ed.) § 275b; Wigmore on Ev. §§ 2549, 2550. If the evidence is admitted without this preliminary inquiry and finding, and later, during the course of the trial, its incompetency is made to appear, then, on motion, it may be stricken out. Wharton, Cr. Ev. (10th Ed.) § 447. Whether the jury shall be excluded while this evidence is being heard is a matter usually within the sound discretion of the trial judge, and certainly, in the absence of a request for the exclusion of the jury, it is not error to hear it in the presence of the jury. Wharton, Cr. Ev. (10th Ed.) § 275b, note 2.

In applying the doctrine of Weeks v. United States, 232 U. S. 383, 34 S. Ct. 341, 58 L. Ed. 652, L. R. A. 1915B, 834, Ann. Cas. 1915C, 1177, the practice has become quite common to follow the course adopted in the instant case; i. e., hear all the evidence tending to show the lawfulness of the search and seizure and pass thereon by a ruling during the taking of the evidence. This appears to have been the course also followed in the Carroll Case.[1] The testimony of

Kinnaird above quoted was proper to be heard and weighed by the trial judge as bearing on this preliminary question. For the same reason it was proper to hear some other evidence excepted to and assigned as error but not specially urged. For these reasons, and particularly in the absence of a demand that this preliminary hearing should have been made first and separately and in the absence of the jury, no error could be found in the ruling complained of, even though exception had been properly taken and preserved for review.

3. The officers found Schleeter driving the car containing this whisky, with Lytle riding beside him on the front seat, and certain statements were then made by them upon which an assignment of error is based. Officer Kinnaird testified as follows: "55. Go ahead and tell the jury what was said. A. Mr. Schleeter said he was foolish to go back out there. 56. Said who was foolish to go back out there? A. Tom Crawford. Then Mr. Lytle said—he said that 'I tried to get Tom to put it in the Marmon when I came back and he wouldn't do it, and he said there wasn't anybody on the road but federal men,' and I asked him who was on the road, and he said, 'Who do you think would be on the road, Chief Braden and Mayor Quin?'" These statements were made immediately after the car was halted and the whisky discovered. No motion was made to strike out these answers. Objection is made to the initial question which elicited these answers, that the two parties were then under arrest, which objection was overruled and exception noted. Then, after the court had elicited

---

[1] In Weeks v. United States, 232 U. S. 383, 34 S. Ct. 341, 58 L. Ed. 652, L. R. A. 1915B, 834, Ann. Cas. 1915C, 1177, the duty of rejecting testimony obtained by unreasonable search seems to be conditioned on a timely application after seizure and a hearing thereon in advance of trial. In Perlman v. United States, 247 U. S. 7, 38 S. Ct. 417, 62 L. Ed. 950, and in Burdeau v. McDowell, 256 U. S. 465, 41 S. Ct. 574, 65 L. Ed. 1048, 13 A. L. R. 1159, such an order was held to be appealable, either by the government or the accused. Following Gouled v. United States, 255 U. S. 298, 41 S. Ct. 261, 65 L. Ed. 647, and Amos v. United States, 255 U. S. 313, 41 S. Ct. 266, 65 L. Ed. 654, the practice has sprung up, pursued in the Carroll and the instant cases, of hearing all the testimony bearing on the admissibility of the evidence obtained by search and seizure and tending to show guilt, at the same time, and disposing of the matter by ruling during the trial. It is not to be inferred from anything said in this opinion that the law announced in MacDaniel v. United States (6 C. C. A.) 294 F. 769, is qualified or limited, or that we approve the practice of commingling evidence of guilt and of competency in the manner adverted to in this opinion.

that the statements were voluntary, objection was made on the further ground that Mr. Crawford was not present, which objection was overruled and exception noted.

[4, 5] That Lytle and Schleeter were under arrest does not deprive the statements of their voluntary character nor render them inadmissible. Parilla v. United States (6 C. C. A.) 280 F. 761, 765. That Crawford was not present did not render the evidence inadmissible for all purposes; it was certainly admissible as to Schleeter and Lytle; hence the objection as made was properly overruled. If it was otherwise objectionable, it was the duty of Crawford's counsel to point out that ground of objection; otherwise it is waived. If this testimony was not admissible also against Crawford because the conspiracy had been then ended or its further performance frustrated, an objection should have been made by Crawford on this ground, or an instruction requested limiting its consideration to the two defendants present when the statements were made. In the absence of such a specific objection or request, the ruling as made was not improper and no error is shown of which this court is required to take notice. See Shea v. United States (6 C. C. A.) 251 F. 433, 163 C. C. A. 451; Tucker v. United States, supra; Nudd v. Burrows, 91 U. S. 427, 439, 23 L. Ed. 286; Sparf v. United States, 156 U. S. 51, 56, 715, 15 S. Ct. 273, 39 L. Ed. 343.

[6] The assignment of error that the verdict is not sustained by substantial evidence cannot be urged upon this record. The exception to the overruling of defendants' motion to direct a verdict of not guilty at the conclusion of the government's testimony was waived by subsequent introduction of evidence in their behalf and was not renewed at the conclusion of all the testimony. The record does not even show that the insufficiency of the evidence was urged in support of the motion for a new trial. Loewenthal v. United States (6 C. C. A.) 274 F. 563, 568; Lockhart v. United States (6 C. C. A.) 264 F. 14; Moore v. United States, 150 U. S. 57, 14 S. Ct. 26, 37 L. Ed. 996. The testimony as to Crawford's participation was only circumstantial, but on examination we do not find it so plainly insufficient to sustain the verdict that this court should, of its own motion, in the absence of a proper preservation of the question for review, take notice of it and disturb a verdict approved by the trial judge.

The conviction and sentence are affirmed. Mandate will issue forthwith.