## RALSTON v. UNITED STATES.

Circuit Court of Appeals, Ninth Circuit.
December 12, 1927.

No. 5115.

Arrest �kö9—63(3)—Arrest, after defendant took bottle of gin from his pocket and destroyed it, held valid, as made on knowledge, not mere suspicion.

Arrest of defendant on the street without a search warrant, after he had taken from his pocket a bottle of gin and destroyed it, when prohibition agent asked him if he had the gin which officer had previously ordered him, over the telephone, to deliver to a certain apartment, *held* valid, as made on knowledge, after commission of the offense, and not on mere suspicion.

In Error to the District Court of the United States for the Southern Division of the Northern District of California; Adolphus F. St. Sure, Judge.

Jack Ralston was convicted of violating the National Prohibition Law, and he brings error. Affirmed.

Roy L. Daily, of San Francisco, Cal., for plaintiff in error.

Geo. J. Hatfield, U. S. Atty., and T. J. Sheridan, Asst. U. S. Atty., both of San Francisco, Cal.

Before GILBERT, RUDKIN, and DIETRICH, Circuit Judges.

GILBERT, Circuit Judge. Upon an information charging him with violation of the National Prohibition law (27 USCA) the plaintiff in error was convicted and sentenced to pay a fine of $500. The facts attending his arrest are the following:

A federal prohibition agent, acting on information he had received, telephoned to a certain number an order for a bottle of gin to be delivered at a designated apartment house, apartment K. Shortly thereafter he, with another officer, arrived in the vicinity of the apartment house, and about a half hour after giving the order they saw the plaintiff in error drive up in an automobile, and saw him get out of his car and walk to the apartment house, and examine, at the side of the entrance, the register of the occupants. The register had names and numbers only, and no apartment lettered K. The plaintiff in error stood there a minute or two and then turned away.

Thereupon the prohibition agent walked up to him, showed him his badge, and told him who he was, and asked him if he had the gin. The plaintiff in error answered, "Yes, here it is," referring to his coat pocket, and took out of his pocket a bottle and dashed it on the sidewalk. The officers then placed him under arrest, and mopped up the gin on the sidewalk, and took it away for evidence. The plaintiff in error offered no testimony on the trial, but at its close he made a motion for a directed verdict and finding of not guilty, on the ground that there was no search warrant, no probable cause, and insufficiency of the evidence to justify a finding of guilty. Error is assigned to the denial of that motion.

The plaintiff in error contends that the arrest was made upon suspicion, insufficient to justify a warrant and search of his person, and that at the time of the arrest the arresting officer could not see that the plaintiff in error had liquor in his possession. The contention is wholly without merit. The arrest was not made on suspicion. It was made after the plaintiff in error had taken from his pocket a bottle of gin and destroyed it. The evidence of his possession was thereby demonstrated in the presence of the officers, and it furnished them ground to make the arrest. The arrest was made, not in the building, but on the street.

The plaintiff in error attempts to assimilate the case to that of Brown v. United States (C. C. A.) 4 F.(2d) 246; but in that case the arrest was made immediately after the accused had parked his car and started with a package, which failed to disclose its contents, and furnished the officer no knowledge of what it contained, and no information that a crime was being committed in his presence. In the present case the arrest was made after the officer had acquired actual knowledge of the contents of the bottle which the plaintiff in error had in his possession, and after knowledge of the commission of the offense with which he was thereafter charged.

The judgment is affirmed.