## BRIGGS v. UNITED STATES.

Circuit Court of Appeals, Ninth Circuit.
March 12, 1928.

No. 5351.

Obstructing justice ⟨⇒⟩3—Defendant held justified in resisting illegal arrest without warrant because of finding of whisky in automobile in which he was sitting.

Search of a parked automobile in which defendant was sitting, by a prohibition agent without a search warrant and the finding in one of the pockets of a bottle containing a small quantity of whisky, in the absence of any evidence that defendant owned the whisky or had committed any offense, *held*, not to justify his arrest by the agent without a warrant nor to render him liable for resisting the arrest.

In Error to the District Court of the United States for the Northern Division of the District of Idaho; Charles C. Cavanah, Judge.

Criminal prosecution by the United States against Suel E. Briggs. Judgment

24 F.(2d)—61

of conviction, and defendant brings error. Reversed.

Robertson & Paine, of Spokane, Wash., for plaintiff in error.

H. E. Ray, U. S. Atty., Sam S. Griffin and Wm. H. Langroise, Asst. U. S. Attys., all of Boise, Idaho.

Before GILBERT, RUDKIN, and DIETRICH, Circuit Judges.

GILBERT, Circuit Judge. The plaintiff in error was convicted under three counts of an indictment which charged him with feloniously assaulting an officer while under arrest, feloniously interfering with an officer in the execution of his duty and feloniously resisting an officer while under arrest. He assigns error to instructions given to the jury and the denial of instructions which he requested. We find, however, that the instructions given were appropriate to the case, correctly stated the law applicable thereto, and sufficiently covered all the points as to which instructions were requested. But it is contended that the instructions were not appropriate to the facts, and, while no request was made for a directed verdict of acquittal, we think the question whether the facts were such as to justify the submission of the case to a jury should be regarded as properly before us, and should be reviewed by the court.

The prohibition officers discovered in a place difficult of access in the country a large, unoccupied distillery containing a still of 350-gallon capacity, 5,000 gallons of mash, 200 gallons of whisky, and other material. Approaching the distillery and ending in proximity thereto was a road following a creek, and on the road was plainly visible a track made by an automobile, one wheel of which left a peculiar mark. An officer found, a mile and a half distant from the distillery and parked near a farmhouse, the automobile which had made the track, and the plaintiff in error sitting in it. The latter got out as the officer approached, and the officer, without disclosing his official capacity, made a search of the automobile. He found, out of sight, in one of the pockets, a small flask containing about "one drink" of whisky. He took possession of the flask, and, declaring himself to be a prohibition officer, he arrested the plaintiff in error. Thereafter, while so under arrest, the plaintiff in error resisted the officer, and committed the assault upon him which is the sub-

ject of the indictment. The court properly instructed the jury that, in order to make a lawful arrest for a misdemeanor without a warrant, the arresting officer must observe the commission of the misdemeanor in his presence, that it is not sufficient for him to observe facts or circumstances from which he may have reason to suspect the commission of a misdemeanor, but that he must see or observe the actual commission of the misdemeanor in his presence, or that there must be facts and circumstances present, which justify him in good faith in believing that an offense is being committed in his presence.

We are unable to see that the facts which came to the officer's knowledge were sufficient to justify the arrest. He had no knowledge or reason to believe that the plaintiff in error was connected in any way with the distillery further than the fact that the automobile in which he was sitting had prior thereto been up the road to the vicinity of the distillery. There was no suspicious package visible in the automobile to justify its search. There was no evidence that the accused owned the whisky that was seized, or had knowledge of its presence in the automobile or owned the automobile. Section 26, tit. 2, of the National Prohibition Act, authorizes a prohibition officer to arrest any person discovered by him to be transporting intoxicating liquor in a vehicle. In Carroll v. United States, 267 U. S. 132, 158, 45 S. Ct. 280, 287 (69 L. Ed. 543, 39 A. L. R. 790) the court said: "The right to search and the validity of the seizure are not dependent on the right to arrest. They are dependent on the reasonable cause the seizing officer has for belief that the contents of the automobile offend against the law." In Brown v. United States (C. C. A.) 4 F.(2d) 246, this court held that the arrest of a defendant on mere suspicion that a package which he was carrying and had just taken from an automobile contained bottles of liquor was without reasonable cause, although the officer had been informed that the defendant was a bootlegger and had been given the license number of his car. If, in the present case, the officer had seen in the automobile visible and suspicious appearing packages he might reasonably have believed that they contained intoxicating liquor, in view of the fact that the automobile had recently been in the vicinity of the distillery. But nothing of the kind was in sight, and to search for what might be concealed in a pocket of the automobile was to commit a wrongful act.

The judgment is reversed.