## BROWN v. UNITED STATES.
### No. 6198.

Circuit Court of Appeals, Ninth Circuit.

Oct. 6, 1930.

Lord & Moulton, of Portland, Or., for appellant.

George Neuner, U. S. Atty., and Rex Kimmell, Asst. U. S. Atty., both of Portland, Or.

Before DIETRICH and WILBUR, Circuit Judges, and WEBSTER, District Judge.

The following opinion prepared by DIETRICH, Circuit Judge, is adopted as the opinion of the court by WILBUR, Circuit Judge, and WEBSTER, District Judge:

### PER CURIAM.

By the indictment upon which he was convicted, appellant was charged in the first count with the unlawful possession and in the second count with the unlawful transportation of intoxicating liquor. It was also approximately alleged that prior to the commission of these offenses, to wit, on December 14, 1927, he had been adjudged guilty of unlawful possession.

It appearing that the former conviction was upon indictment which charged not only unlawful possession but other offenses against the National Prohibition Act, to avoid prejudice to defendant, the district attorney offered to prove the conviction upon the possession charge alone by the oral testimony of the clerk having custody of the record, but counsel for defendant objected upon the ground that the record was the best evidence. In defending his offer the district attorney explained that he desired to avoid putting before the jury the conviction upon the other counts which had no relevancy, but defendant insisted upon his objection. Whereupon the court sustained it with the clear and positive statement to the jurors that they should in no wise be influenced by the statement of the district attorney that the former indictment embraced charges other than those of possession. The record was thereupon offered and received in evidence. In its final instructions the court again advised the jury that they were only to consider the charge of possession in the early indictment. In view of the circumstances, it is thought the specification of error involving admission of proof of former conviction and the statement made by the district attorney in relation thereto is devoid of merit. Vaguely it is argued that because in one count of the early indictment conspiracy to violate the National Prohibition Act was charged, the offense of unlawful possession in another count must be deemed

to have been merged therein, and that therefore it was error to consider the prior conviction at all. We are aware of no rule or principle to which the contention can be referred, nor is any decided case cited even remotely sustaining such a position. A criminal conspiracy to possess intoxicating liquor, or in some other respect to violate the National Prohibition Act, may be complete and punishable without the consummation of such other substantive offense, and likewise the substantive offense may be committed though there is no conspiracy.

The three other assignments relied upon raise the single question of the propriety of the arrest of defendant without a warrant and the search of his automobile, as a result of which evidence was procured supporting the charges.

In Carroll v. United States, 267 U. S. 132, 45 S. Ct. 280, 69 L. Ed. 543, 39 A. L. R. 790, the court said:

"If the search and seizure without a warrant are [only legal when] made upon probable cause, that is, upon a belief reasonably arising out of circumstances known to the seizing officer, that an automobile or other vehicle contains that which by law is subject to seizure and destruction, the search and seizure [in that instance] are valid."

And in a former case against this appellant [Brown v. United States, 4 F.(2d) 246], this court quoted with approval from Garske v. United States (C. C. A.) 1 F.(2d) 620, as follows:

"The proper test, supported by the great weight of authority, by which this case should be decided is: Were the circumstances presented to the officers through the testimony of their senses sufficient to justify them in a good-faith belief that plaintiff in error was in their presence transporting liquor in violation of law or that he had in their presence liquor in his possession in violation of law? In other words, was there probable cause for them to so believe, or were the facts sufficient to give rise merely to a suspicion thereof? If the former, the arrest was legal and the evidence secured by it admissible. If the latter, the arrest was illegal, and the evidence obtained not admissible."

From the testimony of the agent who made the arrest and search it appears that he had information that appellant was engaged in bootlegging, and shortly prior to the date of the arrest he was advised by some one that appellant would deliver a quantity of moonshine whisky in a Ford coupé at the Benson Garage in Portland, Or., some time during the afternoon of November 8, 1929. Stationing himself at or near the garage, the agent, at about 3 o'clock in the afternoon of that day, saw appellant drive a Ford coupé into the Benson Garage, through a side door, and get out of the car and go into the garage office. Thereupon the agent, approaching the car, saw lying on the front seat a package, tied up with twine, apparently containing bottles; also in the front part of the car a glass gallon jug in a paper sack, the top of the sack being open. Thereupon, walking to the other side of the car for a better view, he noted that the liquor contained in the jug appeared to be moonshine whisky. Upon examining the contents of the jug more closely, he found the same to be moonshine whisky.

With this information of the commission of a crime in his presence, he entered the garage office and arrested appellant, and thereupon made a complete search of the car. Clearly, we think the circumstances and information were sufficient to constitute probable cause. Garske v. United States (C. C. A.) 1 F.(2d) 620, 623, and cases therein cited. The facts in Briggs v. United States, 24 F.(2d) 961, 962, a case from this court upon which appellant relies, are scarcely analogous, and it will be observed we there expressly recognized the general rule to be that an officer may make an arrest without warrant where the "facts and circumstances present" are such as to "justify him in good faith in believing that an offense is being committed in his presence." And we further said: "If, in the present case, the officer had seen in the automobile visible and suspicious appearing packages he might reasonably have believed that they contained intoxicating liquor, in view of the fact that the automobile had recently been in the vicinity of the distillery. But nothing of the kind was in sight," etc.

We think that in respect of both the arrest and the consequent search, the agent was acting within the rule we have thus recognized, and that the motion to suppress and to exclude the evidence so procured was correctly denied.

Affirmed.