## EIERMAN v. UNITED STATES.
### No. 286.

Circuit Court of Appeals, Tenth Circuit.

Dec. 27, 1930.

James H. Mathers and James C. Mathers, both of Oklahoma City, Okl., for appellant.

Roy St. Lewis, U. S. Atty., and Herbert K. Hyde, Asst. U. S. Atty., both of Oklahoma City, Okl., for the United States.

Before PHILLIPS and McDERMOTT, Circuit Judges, and POLLOCK, District Judge.

McDERMOTT, Circuit Judge.

The appellant was indicted for possession, transportation and sale of whisky. There was a directed verdict of acquittal as to the sale, a conviction as to possession and transportation, a fine of $500 for the possession, and a sentence of five years in the penitentiary and a fine of $5,000 for the transportation. Numerous errors are assigned.

The testimony for the government disclosed that agents Burns and Pauly had received reports that a public parking yard in Oklahoma City was being used by whisky cars "as headquarters, relaying and delivering from there"; that the yard was a half block in depth, and there were sheds for the cars, and trees. Burns made a purchase from Thompson, the attendant at the filling station at the yard, and Thompson told the agent about the defendant. Burns and Pauly then laid in wait, across the street, for defendant; he drove his car into the yard in the "nighttime" and the agents then crossed the street and watched him drive it to the "rear of the yard, about half a block, and defendant's car remained there about ten minutes." The agents saw no whisky in the car as it entered, and had never purchased liquor from the defendant. The defendant parked his car "in the parking space," presumably under a shed, as the agent testified there were sheds for parking, and Thompson testified the defendant parked his car "under the trees and under the shed." The defendant went to the telephone, the agents remaining in conversation with Thompson, the attendant; after about ten minutes, the defendant went to his car, backed it out, and was then arrested. The agents through the car window saw a half-gallon of whisky in the seat of the car, searched the car without a warrant and discovered fifty-eight half-gallons of whisky therein. One of the agents testified that he did not see the car at all times during the ten minutes it was in the shed at the rear of the yard; the other did not testify on the point.

The constitutionality of the Jones Law (27 USCA §§ 91, 92) is challenged. This court has held the law constitutional in Thomas v. United States, 46 F.(2d) 460. Error is assigned because of the testimony of Thompson that he had made a purchase from the defendant, no sale to Thompson being charged. The sale was charged to have been made to Burns, and this testimony was admitted upon the assurance of the government that there would be a proper showing of agency. No such showing was made, and the court directed a verdict on the sales count, and this claim of error becomes moot.

The court defined the offenses charged, as follows:

"Now if you find from the evidence in this case beyond a reasonable doubt that this defendant was driving an automobile and he had the whiskey or liquor in the automobile as described by the government witnesses in this case, and that that automobile was driven in from the street into this parking place, that would be transportation. If you find this defendant had this whiskey in the car at the time that the government agents arrested him and searched the car that would be possession."

Exception was taken to this definition, and error assigned thereto. This definition is not subject to criticism. The transportation count of the indictment distinctly charged a transportation "from a place unknown to the Grand Jurors, to 113 West 4th Street, Oklahoma City." The court's instruction to the jury was likewise properly limited to a transportation "in from the street into this parking place." Under the indictment and the court's charge, the jury could not convict unless there was liquor in the car when it was driven into the parking yard. The record therefore does not present the question briefed by counsel, as to whether a mere moving of a car inside a parking yard is a transportation under the statute. Objection is also made because the court failed to repeat the expression "reasonable doubt" in the definition of possession. The court clearly instructed as to reasonable doubt elsewhere in the charge, and there is no necessity of reiterating the phrase in every sentence.

Nor was there error in admitting the evidence disclosed by the search. In Carroll v. United States, 267 U. S. 132, 156, 45 S. Ct. 280, 286, 69 L. Ed. 543, 39 A. L. R. 790, the Supreme Court held that automobiles might be searched without a warrant if "the seizing officer shall have reasonable or probable cause for believing that the automobile which he

stops and seizes has contraband liquor therein which is being illegally transported." The agents saw a half-gallon of whisky in the car before the search, and this justified the search without reliance upon the rumors and reports that had come to them. Brown v. United States (C. C. A. 9) 43 F.(2d) 906; Briggs v. United States (C. C. A. 9) 24 F.(2d) 961; Garske v. United States (C. C. A. 8) 1 F.(2d) 620. The defendant offered no testimony, and the evidence of guilt as to the possession is positive; under the mandate of the Act of February 26, 1919 (28 USCA § 391) we disregard other errors assigned as not affecting the substantial rights of the defendant. Tingley v. United States (C. C. A. 10) 34 F.(2d) 1.

As to the charge of transportation, a different situation is presented. At the close of the evidence, the defendant moved for an instructed verdict on account of the insufficiency of the evidence to sustain the charge; the court denied the motion, the defendant excepted, and error is properly assigned. The rule of law is not difficult, and is the familiar one that if the evidence offered by the government, taken as true with the legitimate inferences to be drawn therefrom, is consistent with a reasonable and rational hypothesis of innocence, there can be no conviction. The rule is essentially the same in civil cases, and is but another way of stating the proposition that the burden of proof has not been carried if the evidence of the party upon whom rests the burden leaves the matter in the realm of rational speculation or conjecture. See concurring opinion of Judge Lewis and the writer, in Leslie v. United States (C. C. A. 10) 43 F.(2d) 288, and authorities therein cited.

The record in this case is not at all satisfactory on the question of transportation. It will be borne in mind that the charge was transportation from the street into the yard. Clearly there was liquor in the car some ten minutes later; but the question is, Was there liquor in the car when it drove into the yard? Or, to put it another way, is it a rational hypothesis that during that ten minutes the liquor was placed in the car? One prohibition agent testified that this parking yard was used as a headquarters for "relaying and delivering." He does not explain his meaning of "relaying"; delivery cars must be re-supplied somewhere; this car made its headquarters at that yard. Was it re-supplied in that yard, perhaps from a truck? The record does not disclose that the car was watched during that period of time, or whether the yard was so lighted that it could have been seen at the distance of half a block, if watched. There is no evidence that no one approached the car. From this record, a dozen men might have been around the car. It is difficult to say that the hypothesis that the car might have been re-supplied while in the yard is either irrational or unreasonable. Yet we must either say that, or the present record is insufficient. While the case is not free from doubt, we feel, particularly in view of the matter to be hereafter mentioned, that the ends of justice would be more substantially served by remanding the case for a new trial on the charge of transportation. Where the facts are not fully developed, or there is obscurity in the record, the better practice is to remand for a new trial. Ballew v. United States, 160 U. S. 187, 16 S. Ct. 263, 40 L. Ed. 388; St. Louis v. Western Union Telegraph Company, 148 U. S. 92, 104, 13 S. Ct. 485, 37 L. Ed. 380. See, also, discussion and cases cited in 4 C. J. 1199 et seq.

Reference has been made to the whisky found by the agents in their search of the car. The question of whether the seizing officer had reasonable or probable cause to believe that the car had contraband liquor therein was material, under the Carroll Case, supra. Evidence disclosing such reasonable belief was therefore competent and material, for upon the existence of that belief depended the legality of the search and the admissibility of the evidence disclosed by the search. But questions of admissibility of evidence are for the court, and not for the jury. Yet the court permitted, over vigorous objection, the government to introduce before the jury much evidence which was incompetent and immaterial except on the question of admissibility. Before the evidence of the finding of the liquor was introduced, before any objection was made thereto, before it was known whether any question of admissibility would arise, the court permitted a prohibition agent to testify that he had received reports about this place; that the agent had purchased liquor from Thompson at that place. After the evidence of the search was offered and admitted, when all questions of admissibility had been determined, the court permitted hearsay and other evidence to go to the jury which was material only on the preliminary question of the admissibility of evidence already received. The trial court realized this evidence was immaterial as far as the jury was concerned, for while admitting it to the jury over objection, he repeatedly told the jury that it "is competent only for one purpose, and that is, the basis of the information that the government agent had for

searching his car and making the investigation." This evidence was prejudicial in character, and it is doubtful whether the sting was taken out by the court's statement to the jury limiting its scope.

██ While all the authorities must and do agree that it is for the court, and not the jury, to pass upon the admissibility of evidence, there is nevertheless no hard and fast rule that the jury must always be withdrawn when the question of the admissibility of evidence is being explored. Sometimes its admissibility can be determined by a single question, the answer to which has no prejudicial effect. Sometimes the evidence is competent for both court and jury, as in the instance of ascertaining the qualifications of an expert witness; his qualifications are competent for the court in determining its admissibility, and for the jury in considering its weight. But in the case at bar the preliminary evidence had no bearing, as the trial court said, on the guilt or innocence of the accused. A parallel case is Miucki v. United States (C. C. A. 7) 289 F. 47, where a conviction was reversed on this account, the court holding at page 49:

"And likewise, where the property of the accused is taken without a search warrant, or upon an invalid search warrant, and the government asserts that the accused consented to its taking and this consent is denied, or the accused asserts that it was not voluntarily given, this issue should be determined preliminarily to the admission of the evidence and the hearing should be in the absence of the jury."

See, also, Murphy v. United States (C. C. A. 7) 285 F. 801. In Cooper v. United States (C. C. A. 8) 9 F.(2d) 216, 224, the court said:

"It is objected that the court interrogated the witness McCann in the absence of the jury, while seeking a conclusion as to a ruling to be made upon the admission of certain testimony. This is usual procedure, for the protection of the defendant against the effect of prejudicial remarks, sometimes made in the course of discussion. The jurors are concerned only with the effect of testimony admitted, not with the reason which moves the court to admit it."

In Perrygo v. United States, 55 App. D. C. 80, 2 F.(2d) 181, 184, the court held:

"In a case of this kind, the jury ought not to be permitted to hear any testimony concerning a confession until its admissibility has been determined by the court, out of the presence of the jury."

But the failure to withdraw the jury is not always prejudicial. For example, in Willmering v. United States (C. C. A. 5) 4 F.(2d) 209, 211, the court held: "While we think the court should have investigated the matter out of the presence of the jury, no harm was done because, as indicated, the statement was not incriminating." And in Holt v. United States, 218 U. S. 245, 249, 31 S. Ct. 2, 5, 54 L. Ed. 1021, 20 Ann. Cas. 1138, the court held that while "the more conservative course is to exclude the jury during the consideration of the admissibility of confessions," that failure to follow the more conservative course did not, in that case, require a reversal. See, also, cases from various state courts in Wigmore on Evidence (2d Ed.) vol. 2, p. 219.

██ It is our conclusion that the better practice is to hear evidence bearing upon the admissibility of other evidence, out of the presence of the jury, unless such preliminary evidence likewise goes to the weight of the evidence proffered, or unless the preliminary evidence is clearly of a nonprejudicial character. Whether failure to adopt this practice is reversible error depends upon whether it appears that the preliminary evidence did not prejudice the rights of the defendant in the particular case. Considering the extent and nature of the preliminary evidence in the case at bar, we cannot say affirmatively that it was not prejudicial. "And of course in jury trials erroneous rulings are presumptively injurious, especially those embodied in instructions to the jury; and they furnish ground for reversal unless it affirmatively appears that they were harmless." Fillippon v. Albion Vein Slate Co., 250 U. S. 76, 82, 39 S. Ct. 435, 437, 63 L. Ed. 853. The peculiar circumstance that hearsay evidence was offered before the question of admissibility arose and after it had been determined, leaves a suspicion that this unwarranted practice was indulged in because it was prejudicial, a practice that cannot be sanctioned.

The judgment on the second count is affirmed; the judgment on the third count is reversed and the cause remanded for a new trial.

Affirmed on second count.

Reversed on third count.