## BROWN v. UNITED STATES.
### No. 5883.

Circuit Court of Appeals, Fifth Circuit.
March 12, 1931.

C. J. Hardee, of Tampa, Fla., for appellant.

W. P. Hughes, U. S. Atty., of Jacksonville, Fla., and Norman J. Morrisson, Sp. Asst. to Atty. Gen.

Before FOSTER, Circuit Judge, and HUTCHESON and SIBLEY, District Judges.

HUTCHESON, District Judge.

Upon an indictment under section 121, title 18, U. S. C. (18 USCA § 121), charging him with having unlawfully and with a deadly weapon for the purpose of deterring the officer from discharging his duties, resisted one Albritton, a federal prohibition officer then and there being in the execution of his duties, and authorized to seize and search his car, appellant, Pete Brown, was convicted and appeals.

At the trial the government fully proved the fact of the resistance, of the desperate and dangerous struggle which resulted from it, and that appellant knew that Albritton was a prohibition officer, and was, in the attempt to search his car, assuming to act as such officer.

Upon the vital point, however, whether the officer was in fact engaged in the discharge of his duties, the government's case stood differently, for the search was made without a warrant, and while there was evidence, which if believed would have sustained a finding that the search was upon probable cause, appellant presented evidence tending to discredit it, and the case on this point at best for the government presented a sharply contested issue of fact.

The appellant requested the following charge:

"The Court further charges and instructs the jury that the officer who made the arrest of this defendant had no legal right to make said arrest unless he knew of or had reasonable grounds to believe that the defendant was then and there, at that time and place, actually committing an offense against the laws of the United States. Therefore if you find from the evidence that said officer, at the time and place said arrest was made, did not know or did not have reasonable grounds to believe that this defendant was then and there committing such an offense, said arrest was unauthorized and unlawful, and the defendant had full right to resist said officer and prevent him from placing this defendant in unlawful custody, and for the purpose of said resistance the defendant was at liberty to use such force as was at his command and necessary to prevent said arrest."

This the court refused, and in the main charge instructed the jury as follows:

"Now in determining whether this officer had probable cause to suspect that this automobile was engaged in the transportation of liquor, you will consider the evidence and in the opinion of the Court if this officer had had a report from what he considered a reliable source, that liquor was to be transported to that filling station that night, and in addition to this that the officer had had occasion to observe what you may or may not consider suspicious circumstances in regard to these two automobiles moving around in the way described, stopping beside the road and putting out lights, regardless of the fact whether this officer smelled liquor there or not, in the opinion of the Court he would have had probable cause to suspect that this automobile was engaged in the transportation of liquor, and had the right to search this automobile"—

and further charged the jury:

"Another question, of course, you can determine is, did this defendant know that this was an officer? The officer said he knew him before. Some of the witnesses say he had on his cap; some of the witnesses say he had on his badge, and it was the duty of the defendant under these circumstances if this officer was attempting to make that search, as a good citizen to submit to the search. If the officer acted unlawfully, the defendant had another remedy and not the remedy of firing with one of these pistols.

"Now in the opinion of the Court all this talk about unreasonable search and seizure has absolutely nothing to do with this case. This Court will go as far as any Court in protecting a citizen in his home, property and effects from unreasonable search and seizure, but no man has a constitutional right to be carrying liquor around in his car and no man has the right to resist to the extent of attempting to murder or kill an officer of the United States and this Court will go as far as any Court in protecting them while engaged in their duty to prevent the commission of an unlawful deed."

It is appellant's position that he has not had a fair trial; that the charge of the court did not correctly or fairly to him submit the single, the controlling, issue of the presence or absence of probable cause for the search; that, in refusing the special charges requested and in charging as he did in his general charge, the trial judge not only did not correctly submit the cause, but so submitted it as to make it impossible, in view of the facts and circumstances surrounding the arrest, for the jury to find any other verdict than that of guilty.

We think the record sustains appellant's position. The requested charge was in accord with established law, Briggs v. U. S. (C. C. A.) 24 F.(2d) 961; John Bad Elk v. U. S., 177 U. S. 529, 20 S. Ct. 729, 44 L. Ed. 874; State v. Bradshaw, 53 Mont. 96, 161 P. 710; Miers v. State, 34 Tex. Cr. R. 161, 29 S. W. 1074, 53 Am. St. Rep. 705; Reichman v. Harris (C. C. A.) 252 F. 371; Beard v. U. S., 158 U. S. 550, 15 S. Ct. 962, 39 L. Ed. 1086; Wright v. Commonwealth, 85 Ky. 123, 2 S. W. 904, 905; Pickett v. State, 99 Ga. 12, 25 S. E. 608, 59 Am. St. Rep. 226; Wharton on Criminal Procedure (10th Ed.) vol. 1, § 31, and it or its equivalent should have been given.

■ Instead of so charging, the court, in the general charge above quoted, in effect told the jury that, if the appellant knew that Albritton was an officer, and that he was as an officer assuming to make the search, it was appellant's duty, whether the search was lawful or unlawful, to submit; this charge, in view of the fact that it was undisputed that appellant knew Albritton and his official position, and that there was armed and forcible resistance, in effect instructed a verdict of guilty.

In view of another trial, we think it proper to say that, though the question of the legality of the search is a close one [Emite v. U. S. (C. C. A.) 15 F.(2d) 623; Brown v. U. S. (C. C. A.) 4 F.(2d) 246; United States v. Allen (D. C.) 16 F.(2d) 320], the testimony of the officer was sufficient to take the case to the jury, and, if believed, to sustain the verdict. Curtis v. U. S. (C. C. A.) 38 F. (2d) 450; Lytle v. U. S. (C. C. A.) 5 F.(2d) 622; Lafazia v. U. S. (C. C. A.) 4 F.(2d) 817; Carroll v. U. S., 267 U. S. 132, 45 S. Ct. 280, 69 L. Ed. 543, 39 A. L. R. 790.

■ The charge of the court, however, of which appellant complains, which in effect told the jury that, if the officer had had a report from what he considered a reliable source that liquor was to be transported to that filling station that night, the search was justified without any other fact appearing, does not correctly state the law.

This charge would give the officer the right, upon general information, not identifying car or person, to stop and search all automobiles coming to or going from Brown's filling station that night, a power of general exploratory search which is uniformly denied. Carroll v. U. S., 267 U. S. 132, 45 S. Ct. 280, 69 L. Ed. 543, 39 A. L. R. 790.

Reversed.

SIBLEY, District Judge (concurring).

The federal offense of resisting an officer in the execution of his duty is not made out if the officer was in fact not executing his duty but committing a trespass of unlawful arrest. It follows that it was error in the court under the evidence in this case not to submit the question of the lawfulness of the arrest to the jury and to charge instead that "all this talk about unreasonable search and seizure has absolutely nothing to do with this case." I think, however, the requested charge in its conclusion, "And for the purpose of said resistance the defendant was at liberty to use such force as was at his command and necessary to prevent said arrest," should not have been given because not adjusted to the facts of the case. It is true that a killing in resistance to a false imprisonment is not mur-

der but manslaughter. John Bad Elk v. United States, 177 U. S. 529, 20 S. Ct. 729, 44 L. Ed. 874. But the rule generally followed is that, before one can be justified in killing or trying to kill in resistance to an unjustified arrest, the officer himself must have proceeded to such a length as that it appears necessary that he be killed to prevent the killing of or serious injury to the person sought to be arrested. Reichman v. Harris (C. C. A.) 252 F. 371; Williams v. State, 44 Ala. 41. An officer though mistaken in his duty is no more liable to be made the target of bullets than any other person committing a similar trespass. 30 C. J. § 257, and cases cited. The offense here of unlawful shooting would be one punishable in the state courts and not in the federal courts, but that does not require the federal judge to charge bad law.