AMOS *v.* UNITED STATES.

ERROR TO THE DISTRICT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF SOUTH CAROLINA.

No. 114.   Argued December 13, 1920.—Decided February 28, 1921.

1. When it is clear and undisputed that property used in evidence against a defendant on a criminal trial was procured by the Government through an unconstitutional search and seizure in his home, his petition for its return is not too late when made immediately after the jury was sworn, and his motion to exclude the property, and testimony concerning it, from evidence should not be denied as inviting a collateral issue. P. 316.
2. The act of a man's wife in allowing government officers to enter his home without a warrant upon their demand for admission for the purpose of making a search is *held* not to be a waiver of his con-

. stitutional privilege against unreasonable search and seizure, even assuming that a wife may waive her husband's right in that regard. P. 317.
Reversed,

THE case is·stated in the opinion.

, *Mr. H. H. Obear,* with whom *Mr. R. Dozier Lee* and *Mr. Charles A. Douglas* were on the brief, for plaintiff in error. .ɔ

· *Mr. W. C. Herron,* with whom *The Solicitor General* was on the brief, for the United·States.

MR. JUSTICE CLARKE delivered the opinion of the court.

The plaintiff in error, whom we shall designate defendant as he was in the court below, was tried on an indictment containing six counts. He was found not guilty on the first four counts, but guilty on the fifth, which charged him with having removed whisky on which the revenue tax had not been paid to a place other than a Government warehouse, and also on the sixth, which charged him with having concealed whisky on which the tax required by law had not been paid,

After the jury was sworn, but before any evidence was offered, the defendant presented to the court a petition, duly sworn to by him, praying that there be returned to him described private property of his, which it was averred the District Attorney intended to use in evidence at the trial and which had been seized by P. J. Coleman and C. A. Rector, officers of the Government, in a search of defendant's house and store "within his curtilage," made unlawfully and without warrant of any kind, in violation of his rights under the Fourth and Fifth Amendments to the Constitution of the United States.

. Upon reading of this petition and hearing of the applica-

tion it was denied, and, exception being noted, the trial proceeded.

Coleman and Rector were called as witnesses by the Government and testified: that as deputy collectors of Internal Revenue, they went to defendant's home and, not finding him there, but finding a woman who said she was his wife, told her that they were revenue officers and had come to search the premises "for violations of the revenue law"; that thereupon the woman opened the store and the witnesses entered, and in a barrel of peas found a bottle containing not quite a half-pint of illicitly distilled whisky, which they called "blockade whisky"; and that they then went into the home of defendant and on searching found two bottles under the quilt on the bed, one of which contained a full quart, and the other a little over a quart of illicitly distilled whisky. The Government introduced in evidence a pint bottle containing whisky, which the witness Coleman stated "was not one of the bottles found by him; but that the whisky contained in the same was poured out of one of the two bottles that he had found in the defendant's house on the bed under the quilt, as above stated." On cross-examination both witnesses testified that they did not have any warrant for the arrest of the defendant, nor any search warrant to search his house, and that the search was made during the daytime, in the absence of the defendant, who did not appear on the scene until after the search had been made.

After these two Government witnesses had described how the search was made of defendant's home without warrant either to arrest him or to search his premises, a motion by counsel to strike out their testimony was denied and exception noted.

This statement shows that the trial court denied the petition of the defendant for a return of his property, seized in the search of his home by Government agents without warrant of any kind, in plain violation of the

Fourth and Fifth Amendments to the Constitution of the United States, as they have been interpreted and applied by this court in *Boyd* v. *United States*, 116 U. S. 616, in *Weeks* v. *United States*, 232 U. S. 383, and in *Silverthorne Lumber Co.* v. *United States*, 251 U. S. 385; and also denied his motion to exclude such property and the testimony relating thereto given by the Government agents after both were introduced in evidence against him, when he was on trial for a crime as to which they constituted relevant and material evidence, if competent.

The answer of the Government to the claim that the trial court erred in the two rulings we have described is, that the petition for the return of defendant's property was properly denied because it came too late when presented after the jury was empaneled and the trial, to that extent, commenced, and that the denial of the motion to exclude the property and the testimony of the Government agents relating thereto, after the manner of the search of defendant's home had been described, was justified by the rule that in the progress of the trial of criminal cases courts will not stop to frame a collateral issue to inquire whether evidence offered, otherwise competent, was lawfully or unlawfully obtained.

Plainly the questions thus presented for decision are ruled by the conclusions this day announced in No. 250, *Gouled* v. *United States, ante,* 298.

There is nothing in the record to indicate that the allegations of the petition for the return of the property, sworn to by the defendant, were in any respect questioned or denied, and the report of the examination and appropriate cross-examination of the Government's witnesses, called to make out its case, shows clearly the unconstitutional character of the seizure by which the property which it introduced was obtained. The facts essential to the disposition of the motion were not and could not be denied; they were literally thrust upon the attention of the court

by the Government itself. .The petition should have been granted, but it having been denied the motion should have been sustained.

The contention that the constitutional rights of defendant were waived when his wife admitted to his home the Government officers, who came, without warrant, demanding admission to make search of it under Government authority, cannot be entertained. We need not consider whether it is possible for a wife, in the absence of her husband, thus to waive his constitutional rights, for it is perfectly clear that under the implied coercion here presented, no such waiver was intended or effected.

It results that the judgment of the District Court must be reversed and the case remanded for further proceedings in accordance with this opinion.

*Reversed.*