## MANSOLILLI v. UNITED STATES.

(Circuit Court of Appeals, First Circuit. November 5, 1924.)

No. 1772.

**1. Criminal law ⬤⟲555 — Determination by court that property not unlawfully seized held not erroneous, in view of conflicting evidence.**

Where defendant moved for return of property and suppression of evidence obtained, invoking Const. Amends. 4, 5, and called officers seizing property as witnesses, and testimony of officers and defendant's family was contradictory, trial court was not bound to find that testimony of officers was perjured, and did not err in finding that property was not unlawfully seized.

**2. Criminal law ⬤⟲1169(5)—Introduction of incompetent evidence not error, where stricken out on court's order.**

Admission of preliminary questions on trial for sending bombs through mail, as to another bomb, if incompetent, cannot be complained of, where it was stricken out on court's order, and jury was instructed to disregard it.

**3. Indictment and information ⬤⟲130—Difference in names given complaining witness held of no importance.**

In prosecution for sending bombs through mail, in violation of Penal Code, § 217 (Comp. St. § 10387), where it appeared one bomb was addressed to Grace L. and another to Gracie L., and in both counts of indictment name was Gracie L., difference in names was of no importance, in view of Judicial Code, § 269, as amended by Act Feb. 26, 1919 (Comp. St. Ann. Supp. 1919, § 1246).

**4. Criminal law ⬤⟲878(2) — Conviction warranted on general verdict, though there was variance as to one count.**

Where two counts of indictment charged sending of bombs through mail to Gracie L., in violation of Penal Code, § 217 (Comp. St. § 10387), and evidence was that bomb described in first count was addressed to Grace L., sentence was properly imposed on general verdict of guilty.

In Error to the District Court of the United States for the District of Massachusetts; James M. Morton, Jr., Judge.

Louis Mansolilli was convicted of sending bombs through the mail, and brings error. Affirmed.

Bernard J. Killion, of Boston, Mass. (Killion, Dimento & Mitchell and Charles Toye, all of Boston, Mass., on the brief), for plaintiff in error.

Essex S. Abbott, Sp. Asst. U. S. Atty., of Boston, Mass. (Robert O. Harris, U. S. Atty., and Joseph V. Carroll, Sp. Asst. U. S. Atty., both of Boston, Mass., on the brief), for the United States.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

ANDERSON, Circuit Judge. Mansolilli was convicted of sending through the mail, in violation of section 217 of the Penal Code (Comp. St. § 10387), bombs on May 4, 1923, and July 13, 1923, to Mrs. Grace Lewis, 192 Shurtleff street, Chelsea.

The alleged errors, chiefly relied upon, grew out of the trial court's denial of the defendant's motions for the "return of property seized" and for the "suppression of evidence."

On July 16, 1923, three days after the second bomb was sent to Mrs. Lewis, two post office inspectors, accompanied by a Chelsea policeman, called at the defendant's house, and there talked with him at length concerning the bombs sent to Mrs. Lewis, and obtained from him materials like those which had been used in their manufacture and in packing them for mailing.

The defendant seasonably filed motions for the return of these materials and for the suppression of all evidence thus obtained, invoking the Fourth and Fifth Amendments. Before the beginning of the trial, the court, in the absence of the jury, heard evidence on these motions, and denied them. The defendant himself called the inspectors and the policeman who had visited him, and examined them at length as his own witnesses. The defendant, his wife, and his 12 year old son then took the stand, and

contradicted much of the evidence given by the inspectors and the policeman. In denying the motions, the court made the following findings:

"The evidence is in irreconcilable conflict. The testimony of the little boy corroborates that of the police officers as to the manner in which they approached the house, and tends distinctly to discredit the testimony of the defendant's wife on that point, which appears to be a fabrication. Of course, that greatly weakens confidence in the defendant's evidence. It seems probable that the officers, or some of them, talked to the defendant downstairs rather more roughly than they admitted, but in the main I accept their story of what took place. They have no such interest to misstate as the defendant or his family.

"I find that the papers and articles referred to in the defendant's motion were not obtained by duress or coercion, nor by improper or unconstitutional search and seizure. And I find and rule that they may be used in evidence if otherwise competent."

The trial then proceeded. The inspectors and the policeman, called by the government, testified before the jury substantially as they had testified before the court in the preliminary hearing. There was other evidence for the government. The defendant testified in his own behalf. The court instructed the jury to the effect that, without the evidence obtained by the officers at defendant's house, there was not enough to warrant conviction, and that he was to be acquitted by the jury if it found that this evidence was illegally obtained. And he resubmitted to the jury, in a careful and accurate charge, the question whether the evidence was obtained by the officers by coercive and intimidating methods, instructing them that, if they should find that the evidence was thus improperly obtained, they should disregard it and acquit the accused.

[1] We hold it plain that there was no infringement upon the defendant's constitutional rights. At the preliminary hearing, the defendant called the officers as witnesses in his own behalf. The trial court was not bound to believe the contradictory evidence thereafter adduced by the defendant and his wife and his son. He cannot be heard to say, after having himself called as witnesses the officers whose conduct was in question, that the trial court should, on the testimony of himself and his family, find that the testimony of these witnesses was perjured. The evidence was properly admitted

Moreover, the court by resubmitting the same question to the jury, scrupulously guarded every conceivable right of the defendant. The case falls well outside the doctrines illustrated in the leading cases dealing with rights secured by the Fourth and Fifth Amendments. Compare Ziang Sung Wan v. United States (October 13, 1924) 45 S. Ct. 1, 69 L. Ed. ——; Amos v. United States, 255 U. S. 313, 41 S. Ct. 266, 65 L. Ed. 654; Gouled v. United States, 255 U. S. 298, 41 S. Ct. 261, 65 L. Ed. 647; Bram v. United States, 168 U. S. 532, 18 S. Ct. 183, 42 L. Ed. 568; Boyd v. United States, 116 U. S. 616, 6 S. Ct. 524, 29 L. Ed. 746; Weeks v. United States, 232 U. S. 383, 34 S. Ct. 341, 58 L. Ed. 652, L. R. A. 1915B, 834, Ann. Cas. 1915C, 1177.

The other assignments of error may be briefly disposed of.

[2] The defendant complains of the admission of evidence as to an electric light bomb found in Mrs. Lewis' house on June 14, 1923, not charged to have been sent through the mail. The court allowed a few preliminary questions as to this bomb, thinking they might be a foundation for future evidence. But defendant's assignment itself shows that the court subsequently ordered the evidence stricken from the record, and instructed the jury to disregard it.

Assuming that the evidence was incompetent, which is far from clear (1 Wigmore Evidence, §§ 216, 305, 307; Commonwealth v. Robinson, 146 Mass. 571, 16 N. E. 452; Moore v. United States, 150 U. S. 57, 14 S. Ct. 26, 37 L. Ed. 996; People v. Harris, 136 N. Y. 423, 33 N. E. 65; Thompson v. United States, 144 Fed. 14, 75 C. C. A. 172, 7 Ann. Cas. 62; State v. Lapage, 57 N. H. 245, 24 Am. Rep. 69; People v. Molineux, 168 N. Y. 264, 61 N. E. 286, 62 L. R. A. 193), the defendant's rights were fully protected by the court's order that the evidence be stricken out and that the jury should disregard it.

[3] The twelfth assignment is highly technical and without merit. It appears that one of the bombs was addressed to Mrs. Grace Lewis and another to Mrs. Gracie Lewis. In both counts of the indictment the name was given Mrs. Gracie Lewis. The court instructed the jury that this difference in names was of no importance. This was plainly right. Judicial Code, § 269, as amended by Act Feb. 26, 1919, 40 Stat. 1181 (Comp. St. Ann. Supp. 1919, § 1246).

[4] The evidence was that the bomb de-

scribed in the first count was addressed to Mrs. Grace Lewis. The verdict was general, and upon that verdict sentence was imposed. This was enough, apart from the statute, to sustain the judgment and sentence. Compare Putnam v. United States, 162 U. S. 687, 691, 16 S. Ct. 923, 40 L. Ed. 1118.

We have examined the other assignments of error that are not waived, and find them all without merit. The defendant's constitutional and legal rights were fully protected, he had a legal and eminently fair trial, the jury declined to believe him, and he was rightfully convicted.

The judgment of the District Court is affirmed.