### UNITED STATES v. BLOOM.

(District Court, D. Massachusetts. June 22, 1925.)

No. 5461.

1. **Searches and seizures ⬤�early7—Fourth Amendment is designed to protect individual against abuse of official authority; "unreasonable searches and seizures."**

Const. Amend. 4, protecting against unreasonable searches and seizures, is designed to protect the individual against abuse of official authority, and covers cases where entry is illegal, forced, or illegally obtained, under color of authority or by practicing fraud.

2. **Intoxicating liquors ⬤⟱249—Information obtained by federal prohibition agent while on defendant's premises might be used in obtaining search warrant.**

Where federal prohibition agent entered in daytime yard and buildings where defendant carried on a junk business, and without defendant's knowledge discovered alcohol illegally possessed, information so obtained could be used in obtaining search warrant.

Criminal proceeding by the United States against Joseph H. Bloom. On motion to quash search warrant. Motion denied.

Elihu D. Stone, Asst. U. S. Atty., of Boston, Mass.

Abram Berkowitz, of Boston, Mass., for defendant.

MORTON, District Judge. A federal prohibition agent entered in the daytime the

yard and buildings where the defendant carried on a junk business, without the knowledge of the defendant or, so far as appears, of any person representing the defendant. He discovered there alcohol illegally possessed. Thereupon he left, made affidavit to the facts which he had observed, and procured a search warrant on which a large amount of alcohol was seized.

The defendant moves that the warrant be quashed and the property returned, because the information on which the warrant was applied for was obtained by trespass on the officer's part. In getting into the defendant's premises the officer employed no fraud, asserted no claim or right to enter, and made no pretense of doing so under color of his office or his authority as an officer.

[1, 2] The Fourth Amendment is designed to protect the individual against abuse of official authority. It covers cases where entry is illegally forced, or illegally obtained under color of authority, or by practicing fraud. Gouled v. U. S., 255 U. S. 298, 41 S. Ct. 261, 65 L. Ed. 647; Amos v. U. S., 255 U. S. 313, 41 S. Ct. 266, 65 L. Ed. 654. In the present case the entry was not obtained in any of these ways. The officer apparently wandered in without let or hindrance, looked around, and came out. It would be stretching the Amendment out of all reason to say that information so obtained cannot be used for the benefit of the Government. In U. S. v. Boasberg (D. C.) 283 F. 305, relied on by the defendant, the first entry was obtained by the improper use of a search warrant.

Motion denied.