DICKHART v. UNITED STATES (two cases).

(Court of Appeals of District of Columbia. Submitted October 8, 1926. Decided December 6, 1926.)

Nos. 4476, 4477.

1. **Criminal law ⬅1023(12)—Order denying return of liquor seized after quashing of search warrant and discharge of defendant held final (National Prohibition Act [Comp. St. § 10138¼ et seq.]).**

In prosecution for violation of National Prohibition Act (Comp. St. § 10138¼ et seq.), order denying return of liquor seized after quashing of search warrant and discharge of defendants *held* final order for purpose of review.

2. **Intoxicating liquors ⬅255—Evidence held to show lawful possession of liquor seized under defective warrant as affecting right to return (National Prohibition Act, tit. 2, § 33 [Comp. St. § 10138½t]).**

Testimony that liquor was acquired before National Prohibition Act (Comp. St. § 10138¼ et seq.) went into effect and used exclusively for personal use, in support of motion for return of liquor seized under defective search warrant, *held* sufficient to sustain burden of proof of lawful possession, as required under National Prohibition Act, tit. 2, § 33 (Comp. St. § 10138½t), without proof that liquors were acquired without violation of any law in force prior to National Prohibition Act.

3. **Searches and seizures ⬅5—Generally property unlawfully seized should be returned to parties from whom taken.**

It is a general rule that property unlawfully seized by federal authority should be returned to the parties from whom it was taken.

4. **Intoxicating liquors ⬅255—Intoxicating liquors seized in dwelling house under warrant afterwards quashed should be returned, without further proof by claimants.**

Where intoxicating liquors are seized in the search of a dwelling house, and the search warrant is afterwards quashed, the property should in general be returned to the parties from whom taken, without further proof in their behalf.

In Error to the Police Court of the District of Columbia.

Anna Dickhart and Walter Dickhart were charged with violating the National Prohibition Act. To review an order denying the return of liquors seized after quashing of search warrant and discharge of defendants, they separately bring error. Causes remanded, with instructions.

R. E. Lynch, of Washington, D. C., for plaintiffs in error.

Peyton Gordon and Raymond Neudecker, both of Washington, D. C., for the United States.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice. The records disclose that one Earl Schoo made affidavit that on July 9, 1924, in the District of Columbia, certain intoxicating liquor was unlawfully sold and delivered to him at certain described premises occupied by Walter Dickhart, by a "white woman in the premises, dark hair, 160 pounds, medium height." Supported by this affidavit, a federal prohibition agent procured a search and seizure warrant from a United States commissioner, acting under the National Prohibition Act (Comp. St. § 10138¼ et seq.) within the District. The agent then seized certain intoxicating liquors found upon the described premises, and arrested Walter Dickhart and Anna Dickhart, husband and wife, who resided there. It appears that the property was used exclusively as their residence.

An information was then filed by the United States district attorney in the police court of the District, against Anna Dickhart, charging her in the first count with unlawful sale, and in the second count with the unlawful possession, of intoxicating liquors. An information was at the same time filed against Walter Dickhart, charging him with the unlawful possession of the same liquors.

The accused pleaded not guilty, and filed motions to quash the search warrant, upon the ground that it was improvidently issued and was without probable cause, and that Schoo's affidavit was wholly false. In the case against Anna Dickhart a nolle was filed as to the charge of unlawful selling, it being stated in open court by the government's attorney that the affiant, Schoo, was neither available nor worthy of belief, and that the officers did not believe that any such sale was ever made by the defendant. The police court, after hearing testimony in both cases,

quashed the search warrant and discharged the defendants.

Walter Dickhart then moved for a return of the property seized under the warrant, and supported the motion by the testimony of his wife and himself that the liquor in question had been in their home since a time before the Prohibition Act went into effect, and that it was used exclusively for their own personal use. No other testimony was heard upon the subject, but the police court held that the evidence was "insufficient to sustain the burden of proof placed on the defendants for the return of property," and that "the court further found said liquor is contraband." This ruling is assigned as error.

[1] It is claimed on behalf of the government that the order refusing to return the property was not a final order, and that consequently the present proceedings should be dismissed, citing United States v. Mattingly, 52 App. D. C. 188, 285 F. 922. We think this claim untenable. The order, if unreversed, will have the effect of depriving the defendants of property to which they claim ownership. It seems unnecessary to discuss this point, since such orders are treated as final in many decisions hereinafter referred to.

[2] The next question raised by the government relates to the evidence introduced by defendants in support of their claim for the return of the property. Section 33, title 2, of the National Prohibition Act (Comp. St. § 10138½t), provides in part as follows:

"But it shall not be unlawful to possess liquors in one's private dwelling while the same is occupied and used by him as his dwelling only and such liquor need not be reported, provided such liquors are for use only for the personal consumption of the owner thereof and his family residing in such dwelling and of his bona fide guests when entertained by him therein; and the burden of proof shall be upon the possessor in any action concerning the same to prove that such liquor was lawfully acquired, possessed, and used."

It is claimed that under these provisions it was incumbent upon the defendants in order to recover the seized liquors to prove that they had acquired and possessed it without any violation of the National Prohibition Act

or any prior law relating to intoxicating liquors theretofore in force in the District of Columbia. It is claimed accordingly that, since the defendants confined their proofs only to the National Prohibition Act, they did not establish a right to a return of the property. It is also claimed that the character of part of the seized liquors shows them to be contraband; this claim, however, finds no lawful support in the record.

[3, 4] It is a general rule that property unlawfully seized by federal authority should be returned to the parties from whom it was taken. Weeks v. United States, 232 U. S. 383, 34 S. Ct. 341, 58 L. Ed. 652, L. R. A. 1915B, 834, Ann. Cas. 1915C, 1177; Amos v. United States, 255 U. S. 313, 41 S. Ct. 266, 65 L. Ed. 654. This rule has been applied to intoxicating liquors wrongfully seized in proceedings under the National Prohibition Act. And it is the better opinion that, where intoxicating liquors are seized in the search of a dwelling house, and the warrant is afterwards quashed, the property should in general be returned to the parties from whom taken without further proof in their behalf. For a full review of the authorities, see Connelly v. United States, 275 F. 509; Giles v. United States (C. C. A.) 284 F. 208; United States v. Descy (D. C.) 284 F. 724; United States v. Vigneaux (D. C.) 288 F. 977; Geraghty v. Potter (D. C.) 5 F.(2d) 366; Brock v. United States (C. C. A.) 12 F.(2d) 370; also see Street v. Lincoln Safe Deposit Co., 254 U. S. 88, 41 S. Ct. 31, 65 L. Ed. 151, 10 A. L. R. 1548.

In the instant case the only lawful evidence relative to the seized property, after the warrant was quashed, was favorable to the claim that it was lawfully possessed by the defendants in their residence at the time when it was seized. The evidence, moreover, was sufficient to sustain the burden of proof of lawful possession, if such a burden rested upon defendants.

They are accordingly entitled to a return of the property, and the order of the police court denying their motion to that effect is reversed. The causes are remanded, with instructions that an order shall be entered for the return of the property in question to the defendants.