**FARRIS et al. v. UNITED STATES.**

Circuit Court of Appeals, Ninth Circuit.
March 5, 1928.

No. 5276.

1. **Searches and seizures** ⊂⇒7(27)—**Search of dwelling house without warrant, though without objection by owner, held unlawful.**

Where prohibition agents entered defendants' dwelling house without invitation and announced their intention of making a search, though having no warrant, their search was not made lawful because defendants consented.

2. **Criminal law** ⊂⇒1167(2)—**Admission of incompetent evidence under one count held not to require reversal of conviction on other unrelated counts of information.**

Admission of incompetent evidence under one count of an information *held* not to require reversal of conviction on other counts charging unrelated offenses.

In Error to the District Court of the United States for the Northern Division of the District of Idaho; Charles C. Cavanah, Judge.

Criminal prosecution by the United States against G. W. Farris and Amos Farris. Judgment of conviction, and defendants bring error. Affirmed.

Solon B. Clark and Chase A. Clark, both of Mackay, Idaho, for plaintiffs in error.

H. E. Ray, U. S. Atty., and Sam S. Griffin and William H. Langroise, Asst. U. S. Attys., all of Boise, Idaho.

Before GILBERT, RUDKIN, and DIETRICH, Circuit Judges.

RUDKIN, Circuit Judge. This is a writ of error to review a judgment of conviction under counts 1, 3, and 4 of an information charging the unlawful possession of intoxicating liquor, the unlawful possession of property designed for the manufacture of intoxicating liquor, and the unlawful manufacture of intoxicating liquor.

[1] In support of the first count the government offered testimony tending to prove that two prohibition agents and the sheriff of the county visited the dwelling house of the plaintiffs in error on the early morning of December 28, 1925. As the officers approached the dwelling, they observed Amos Farris, one of the plaintiffs in error, standing in the doorway in his nightwear. Farris watched the officers approaching for a time, and then closed the door quickly and ran back into the house, and out onto a porch at the rear. He there grabbed something quickly and started back through the house, and the officers heard a breaking on the inside. The officers then entered the house, some of them, at least, without permission or invitation, and one of them informed Farris that he was a federal agent and that they came there to look over or search the house. To this Farris replied: "All right. You will find nothing here now"—or words to that effect. Nothing further was in fact found, unless it be said that the officers later discovered that a broken jug, already found in the house, had contained moonshine whisky.

In support of the third and fourth counts the government offered testimony tending to prove that the plaintiffs in error operated a still on what is known as the Hill ranch, some 20-odd miles from the dwelling referred to in the foregoing testimony. That they so maintained the still and manufactured intoxicating liquor there was testified to by Hill, the owner of the ranch, and by his minor son. There was no testimony to the contrary, nor is it claimed that any error was committed at the trial, in so far as the third and fourth counts are concerned. It is earnestly insisted, however, that the testimony offered in support of the first count was obtained through an unlawful search and seizure, and that the improper admission of this testimony vitiated the entire trial. That the officers were trespassers in the first instance does not admit of question, and we are far from convinced that the consent upon which they rely was sufficient to authorize a search, which was otherwise clearly prohibited by law. The officers approached and entered the dwelling, disclosed their official character, and stated that they came there to make a search. It is very plain from this that the search was not made because of the consent, but would have been made at all events.

In Amos v. United States, 255 U. S. 313, 41 S. Ct. 266, 65 L. Ed. 654, the Supreme Court said:

"The contention that the constitutional rights of defendant were waived when his wife admitted to his home the government officers, who came, without warrant, demanding admission to make search of it under government authority, cannot be entertained. We need not consider whether it is possible for a wife, in the absence of her husband, thus to waive his constitutional rights, for it is perfectly clear that under the implied coercion here presented, no such waiver was intended or effected."

In United States v. Slusser (D. C.) 270 F. 818, the court said:

"The search so permitted by Slusser, after declaration by the prohibition officer, with a display of his badge, that they were there to search the premises, was not by such consent as will amount to a waiver of constitutional rights, but, on the contrary, is to be attributed to a peaceful submission to officers of the law."

See, also, United States v. Kelih (D. C.) 272 F. 484.

[2] Generally speaking, an error committed on the trial as to one count of an indictment or information will not necessitate a reversal as to other counts, even though the error consists in the admission of improper testimony. Putnam v. United States, 162 U. S. 687, 16 S. Ct. 923, 40 L. Ed. 1118. Doubtless testimony admitted in support of one count may be so prejudicial in its effect as to necessitate a complete reversal as to all counts; but no such case is presented here. There was no connection between the offenses charged in the first count and in the remaining ones; the maintenance of the still and the manufacture of intoxicating liquor on the Hill ranch was testified to by several witnesses. Hill and his son both testified that the still was maintained and the intoxicating liquor manufactured by the plaintiffs in error, and this testimony was in no wise contradicted. True, Hill was an accomplice; but his son was not, and, had this been a civil action, it would perhaps have been incumbent upon the court to direct a verdict for the plaintiff. And while the court had no such power in a criminal case, and while it was within the province of the jury to disregard all testimony and return a verdict of not guilty, the probability that a jury would do so is so remote that the error could in no event be deemed prejudicial. No independent sentence was imposed on the first count, and the judgment is amply supported by the remaining ones.

The judgment should therefore be affirmed; and it is so ordered.