William J. Gregg, J.
This is a proceeding to determine a motion by defendant under section 813-c of the Code of Criminal Procedure, to suppress certain evidence allegedly obtained by a police officer of the City of Port Jervis without benefit of a search warrant and thus illegally obtained through an illegal search and seizure. A hearing was duly held before this court without jury on July 18, 1963, pursuant to section 813-c of said code.
Defendant is charged with a violation of section 1424 of the Penal Law, in that he allegedly did on February 10, 1963 in the City of Port Jervis, New York, sound a false fire alarm at approximately 5 :16 a.m., of said day. Defendant was arrested upon a warrant issued by this court on February 13, 1963.
The facts according to the testimony presented on the hearing, are briefly as follows: A city police officer in company with the Fire Chief of the City Fire Department at the scene of the alarm box, after determining that the alarm was false, followed footprints in the snow leading from the alarm box to the back door of the premises in which defendant resided with his parents and several brothers and sisters. The officer and the Fire Chief approached the back door and found the back door unlocked and entered through the door to a landing from which *918 a flight of approximately three or four steps lead to the door to the kitchen. On the landing aforesaid, they allegedly found a pair of men’s shoes which they picked up and after knocking upon the kitchen door were admitted to the kitchen, not by the defendant, but by his brother. After a discussion between the officers and the brother of the defendant, the defendant was called downstairs from his bedroom by the brother and then was questioned by the officers as to his whereabouts at the time of the sounding of the alarm, and also as to the ownership of the men’s shoes had by the officers. The testimony of the brother upon the hearing shows that the defendant admitted he owned the shoes. The complaint in this case alleges that the officers observed that the shoes in question had snow still upon them and were wet and that they fitted perfectly into the prints found at the base of the fire alarm box.
The pertinent question raised upon this motion is “ Did the defendant give consent to the search of the premises as here made by the police officer and Fire Chief? ” (Amos v. United States, 255 U. S. 313; Channel v. United States, 285 F. 2d 217; Judd v. United States, 190 F. 2d 649.) The burden of proof that such consent was given is that of the People. The consent of the defendant must be one freely given, in order that it will result in the waiver of his constitutional right. (Johnson v. United States, 333 U. S. 10.)
Reviewing the facts as testified to in this hearing, the court finds that the police officer and Fire Chief did enter the premises in which the defendant resided without permission or consent, without the consent of anyone, let alone the defendant. It was at this time they observed and took the shoes. Subsequently thereto, their presence in the house was ratified or confirmed by the brother of the defendant, who asked them to come into the kitchen portion of the premises. Not until the Fire Chief and police officer were in the house did the defendant have any opportunity to object to their presence there, and at that time, the evidence referred to herein and sought to be suppressed was already obtained, except as to the admission of defendant that the shoes were his. Moreover, at no time was defendant informed that a charge might be made against him or that he was the immediate subject of an investigation or that he was suspected of the commission of a crime.
Since the defendant had no opportunity to prevent the officers from entering the premises by asserting his constitutional right to resist an unlawful search and seizure by demanding the protection of a valid search warrant, in view of the fact that they were admitted to the premises by his brother, the court *919 finds that the consent of the brother cannot be imputed to the defendant.
Since the search and seizure in the instant case was not made as an incident to a lawful arrest, since no arrest could have been made in this case by the police officer or the Fire Chief for the reason the crime is a misdemeanor and such officer or private citizen can only arrest a person for a crime committed in their presence, but must in every other case obtain a warrant of arrest, the search and seizure of the evidence in question must fall as illegal in view of the fact that neither a search warrant was first obtained, nor did the defendant by a voluntary and free consent waive the necessity of same, and his constitutional right to insist upon same, and did not thus consent to the search and seizure by the police officer and Fire Chief. Thus under Mapp v. Ohio (367 U. S. 643) it would violate the defendant’s constitutional rights to admit the evidence thus obtained in the instant ease.
Motion to suppress the products of the unreasonable search, to wit: the shoes, and resultant admission of the defendant that they were his, is granted.