PEOPLE *v.* WASKOWSKI

1. SEARCHES AND SEIZURES—WITHOUT WARRANT—CONSENT—PROOF.

The obtaining of a search warrant may be waived by a person who gives his consent to a search and seizure; however, such a waiver must be proven by clear, positive testimony and there must be no duress or coercion, either actual or implied.

2. SEARCHES AND SEIZURES—WITHOUT WARRANT—CONSENT—DUTY OF PROSECUTOR.

A prosecutor must show that consent to a search without a warrant was unequivocal, specific and freely and intelligently given, a burden which is especially heavy where an individual is under arrest.

3. SEARCHES AND SEIZURES — WITHOUT WARRANT — CONSENT — EVIDENCE — ADMISSIBILITY.

A crowbar found in defendant's car during a search without a warrant was properly admitted in his trial for attempted breaking and entering where an arresting officer testified and defendant admitted that consent to a search of defendant's house and automobile was equivocally expressed and there was nothing in the record or defendant's affidavit to suggest that the atmosphere surrounding defendant's arrest was any more coercive than that surrounding any arrest made at an early hour in a suspect's house.

4. SEARCHES AND SEIZURES—WITHOUT WARRANT—CONSENT—FEAR.

Police officers may properly rely on a defendant's unequivocal consent to a search without a warrant and a defendant may not invalidate that search after consent has been given by claiming that he consented out of fear of trouble were he to refuse,

---

REFERENCE FOR POINTS IN HEADNOTES

[1–4] 47 Am Jur, Searches and Seizures § 71.

where he did not manifest his fear to the officers, who were not alerted that defendant's consent was not freely and voluntarily expressed.

Appeal from Wayne, James N. Canham, J. Submitted Division 1 March 2, 1970, at Detroit. (Docket No. 6,766.) Decided March 30, 1970. Leave to appeal denied August 27, 1970. 383 Mich 825.

Floyd Waskowski was convicted of attempted breaking and entering. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, and *Leonard Meyers,* Assistant Prosecuting Attorney, for the people.

*Arthur J. Tarnow* (Defenders' Office—Legal Aid and Defender Association of Detroit), for defendant on appeal.

Before: LESINSKI, C. J., and QUINN and V. J. BRENNAN, JJ.

PER CURIAM. On the evening of May 28, 1967, a man, later identified as defendant Floyd Waskowski, was seen trying to pry open a door of a restaurant in Redford Township with a crowbar. Startled by the presence of certain witnesses, the man quickly drove off in an automobile that was soon traced to the defendant. Several hours later, the police found the defendant at his home and arrested him. Asked whether he had any objection to a search of the house and his automobile, the defendant said, "no, I don't have anything to hide," and handed the automobile keys to one of the arresting officers. A search of the

automobile produced a crowbar. Before trial, the defendant moved to suppress the crowbar, contending that it had been seized illegally, and filed an affidavit wherein he admitted having expressed consent to the search but asserted that he did so only out of fear that if he refused, he "would get in trouble not only with these policemen but with the probation office." The motion was denied, and the defendant was convicted, June 17, 1968, of attempting to break and enter.*

The dispositive question on appeal is whether the defendant should be deemed to have consented to the search of his automobile. We conclude that he should.

The law applicable to a claim of a consensual search upon arrest is stated in *People v. Kaigler* (1962), 368 Mich 281, 294:

> "It is elementary that the obtaining of a search warrant may be waived by an individual and he may give his consent to search and seizure; but such waiver or consent must be proved by clear and positive testimony and there must be no duress or coercion, actual or implied, and the prosecutor must show a consent that is unequivocal and specific, freely and intelligently given. *Karwicki v. United States*, (CCA 4) 55 F2d 225; *Kovach v. United States*, (CCA 6) 53 F2d 639. The burden for the prosecution is particularly heavy where the individual is under arrest. *Judd v. United States*, 89 App DC 64 (190 F2d 649); *Amos v. United States*, 255 US 313 (41 S Ct 266; 65 L Ed 654)." (Emphasis eliminated.)

In the instant case, an arresting officer testified, and the defendant admitted, that consent to the search was unequivocally expressed. At the same

---

* MCLA § 750.92 (Stat Ann 1962 Rev § 28.287).
MCLA § 750.110 (Stat Ann 1969 Cum Supp § 28.305).

time, nothing in the record or defendant's affidavit suggests that the atmosphere surrounding the arrest was any more coercive than that surrounding any arrest made at an early hour in a suspect's house. Thus, unless we are to hold that a consensual search simply cannot be made at an early hour, the only reason for saying consent was not given lies in the defendant's alleged fear of trouble were he to refuse the officers permission to search. However, this fear, standing alone, cannot be regarded as rendering the search invalid, at least when, as here, it goes unmanifested and the arresting officers are not put on notice that the consent is not freely and voluntarily expressed. Under *Kaigler,* the arresting officers were entitled to rely on the defendant's unequivocal expression of consent. Having relied on it, they cannot now be faulted for not securing a warrant. Defendant's motion was properly denied.

Affirmed.