Allen Moss, J.
Defendants move to suppress the physical evidence in these actions in which they are charged with criminal possession of stolen property. It consists of the body shell of a 1967 Oldsmobile. It was seized on October 5,1973 at about 1:30 p.m. at the junk yard of defendant Spinelli at 147-20 160th Avenue in Queens County. Defendant iSpinelli holds licenses from the City of New York Department of Consumer Affairs as second-hand dealer, automobiles, Number 628892, and as second-hand dealer, Number 628893, and as junk shop, Number 628894. The first two were issued February 7, 1973. Each bears on its face the following legend: “The issuance and *560 retention of this license is contingent upon the licensee’s compliance with the laws of the State of New York and the City of New York, the rules and regulations of the Department of ■Consumer Affairs, and the rules and regulations of all other New York State and New York City agencies, now in effect or which may hereafter be enacted.” The licenses were delivered to the court after the hearing in compliance with its request at the hearing and are in evidence as court’s Exhibit 1. At the hearing the testimony was to the following effect. The officers arrived at the yard at about 10:45 a.m. to make a routine inspection of the yard and premises. The officer saw the automobile shell through the ‘1 cyclone ’ ’ fence from the street before he entered the yard and premises. Its good condition appeared to him to be unusual. He entered the yard and examined the shell. He saw that its vehicle identification number plate was missing, looked for its hidden vehicle identification number, found it, had it checked, and received information that it was the number of a vehicle reported stolen. A photograph of the body shell is in evidence, defendants’ Exhibit A. The shell was inside the fence surrounding the yard aibout 10 feet from the fence. The officer did not know the shell was that of a stolen vehicle until after he had examined it in defendant’s yard and received a report on its vehicle identification number. He arrested defendants only after he had received this information.
The search and arrests were without warrants. No advance written notice was given defendants that the inspection of the yard was to be made. The officers were engaged in a survey of such yards.
Was the search legal? All warrantless searches are unreasonable and constitutionally prohibited unless shown to be within one of the exceptions to the rule that a search must rest on a valid warrant. (Stoner v. California, 376 U. S. 483; United States v. Jeffers, 342 U. S. 48.) Although items in plain view of the officers may be seized (Harris v. United States, 390 U. S. 234), in this case, when the officer first saw the shell he did not know and had no reason to believe that it was contraband and therefore to be seized. At most he had only a suspicion. Only after he examined the shell, found that the YIN plate was missing, found the hidden YIN, checked it and learned that it was that of a reportedly stolen vehicle did he know he was dealing with stolen property. The search cannot, in my opinion, be justified on the theory that the article was in open view.
*561 The New York City Administrative Code (ch. 32, art. 19, § B32-126.00 et seq.) provides in substance that it shall be unlawful for any person to engage in the business in which defendant 'Spinelli is engaged without obtaining a license therefor (§ B32-127.0); that the Commissioner of Consumer Affairs shall cause periodic inspections of licensed premises to be made (§ B32-130.0, subd. g, par. [3]); that every such dealer shall keep a book record of every purchase and sale with specified detailed information respecting each item, seller and purchaser (§ B32-132.0); and that such book, at all reasonable times, shall be open to the inspection of any police officer, the Commissioner of Licenses and other designated persons (§ B32-' 132.0, subd. d). The New York City Charter (ch. 18, § 436) gives to the Police Commissioner “powers of general supervision and inspection over all licensed * * * dealers in second hand merchandise * * * within the city [including] power to examine * * * their books, business premises, and. any articles of merchandise in their possession.” The licenses which defendant Spinelli applied for, received and accepted were granted upon the conditions clearly set forth on their face that he comply with these laws.
In United, States v. Biswell (406 U. S. 311) seizure of unlicensed firearms from premises of a licensed firearms dealer was •upheld as constitutional despite lack of a warrant after the arms were discovered in the course of a periodic inspection of the premises pursuant to subdivision (g) of section 923 of the 1968 Gun Control Act (U. S. Code, tit.-18, § 923, subd. [g]). The court held that the search was made pursuant to a valid regulatory statute and that the dealer, by agreeing to become licensed, waived his right of privacy under the Fourth Amendment. In Colonnade Corp. v. United States (397 U. S. 72) inspections of retail liquor dealers’ premises by Treasury agents were held to be constitutional. Only the agents’ act of breaking into a locked storeroom in the premises after permission to enter the storeroom was refused by the owner was held to be improper.
There is neither evidence nor claim that the officer did anything more than that which he was authorized and permitted to do by law and by express consent of defendant 'Spinelli. He entered licensed business premises at a reasonable hour of the day when they were open for business to make a lawful and expressly permitted inspection. No one objected to his entry or to his presence. He had a right to examine the automobile shell. No one objected to his doing so, nor to his looking for *562 the hidden YIN. Once he saw that the YIN plate was missing he had reasonable cause to examine further and to check for a stolen automobile alarm. There was no unlawful search. The officers were in the premises of defendant Spinelli lawfully under the iCharter and Administrative Code provisions and his consent as licensee, all of which were binding on defendant Wassil also (Amos v. United States, 255 U. S. 313).
Motions to suppress are denied.