ACCEPTED
12-15-00131-CR
TWELFTH COURT OF APPEALS
TYLER, TEXAS
7/30/2015 1:53:38 PM
CATHY LUSK
CLERK

**CASE NUMBERS:**

**12-15-00131-CR**

_____

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS
7/30/2015 1:53:38 PM
CATHY S. LUSK
Clerk

IN THE

COURT OF APPEALS FOR THE

TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

_____

**ERIC CLARK ALLEN V. THE STATE OF TEXAS**

_____

From the District Court

159th Judicial District

Angelina County, Texas

Trial Case Numbers: 2014-0063

The Honorable Paul E. White, Judge Presiding

_____

BRIEF OF THE APPELLANT, ERIC CLARK ALLEN.

_____

Respectfully submitted,

JERRY N. WHITEKER
State Bar No. 21361500
P.O. Box 1443
Lufkin, Texas 75902-1443
Tel: (936) 632-5551
Fax: (936) 632-9550

COURT APPOINTED ATTORNEY FOR THE APPELLANT

NO ORAL ARGUMENT REQUESTED

## PREAMBLE

TO THE HONORABLE COURT:

Appellant before the Court of Appeals, Eric Clark Allen, Appellant, respectfully submits this, his Brief, in appealing the denial of his Motion to Suppress Evidence in cause number 2014-0063 from the 159th District Court, Angelina County, Texas, the Honorable Paul White, Presiding, which resulted in a conviction for the felony offenses of Counts I through XIII possession or promotion of child pornography (CR 55; 78).

In this Brief, Eric Clark Allen shall be referred to as "Appellant" and THE STATE OF TEXAS, Appellee herein, shall be referred to as "State." The Clerk's Record will be cited by page as "CR____" and the Reporter's Record will be cited by volume and page as "RR __/__".

## IDENTITY OF PARTIES AND COUNSEL

Pursuant to Tex. R. App. Pro. 38.1(a), Eric Clark Allen hereby submits a list of parties and counsel interested in this case:

**Appellant and Counsel**:

Eric Clark Allen
c/o Jerry N. Whiteker
State Bar No. 21361500
406 N. First
P.O. Box 1443
Lufkin, Texas 75902
Telephone: (936) 632-5551
Fax: (935) 632-9550


**State and its Counsel**:

State of Texas
c/o April Ayers-Perez
Assistant District Attorney
Angelina County
State Bar No. 24090975
Angelina County Courthouse
P.O. Box 908
Lufkin, Texas 75902
Telephone: (936) 632-5090
Fax: (936) 637-2818

**TABLE OF CONTENTS**

PREAMBLE ..............................................................ii

IDENTITY OF PARTIES AND COUNSEL .......................................iii

TABLE OF CONTENTS.....................................................iv

INDEX OF AUTHORITIES CITED ............................................v

      CASES ..........................................................v

      STATUTES .......................................................v

      TEXAS RULES OF APPELLATE PROCEDURE ..............................v

STATEMENT OF THE CASE .................................................1

STATEMENT REGARDING ORAL ARGUMENT ....................................1

ISSUES PRESENTED .....................................................1

STATEMENT OF FACTS....................................................1

SUMMARY OF THE ARGUMENT ..............................................2

ARGUMENT .............................................................3

PRAYER................................................................7

CERTIFICATE OF SERVICE................................................8

CERTIFICATE OF COMPLIANCE ............................................9

APPENDIX

# INDEX OF AUTHORITIES

**CASES**

*Arguellez v. State,* Nos. PD–0997–12,PD–0998–12 (Tex.Crim.App.Sept. 18,2013)..5

*Johnson v. United States*, 255 U.S. 313 (1921)................................6

*Kentucky v. King*, 563 US ___,___.........................................3

*Kothe v. State,* 152 S.W.3d 54, 62–63 (Tex.Crim. App.2004)....................3

*Riley v. California*,
     573 U.S. ____, 134 S. Ct. 2473,189 L. Ed.2d 430 (2014)................3

*Schneckloth v. Bustamante*, 412 U.S. 218(1973)...............................5

*Swain v. State*, 181 S.W. 3d. 359, 365 (Tex. Crim. App. 2005)................3


**STATUTES**

TEX. CONST. Art. 1, Sec.9.....................................................3

U.S. CONST., Amend. 4.........................................................3

**STATEMENT OF THE CASE**

Appellant was charged by Indictment with thirteen counts of the third degree offense possession or promotion of child pornography (CR 00019). Appellant challenged the search and seizure of his cellular telephone during a hearing on his motion to suppress evidence. Following a hearing on the motion to suppress, and the trial court's review of evidence, the trial court denied the motion to suppress. Appellant pled no contest to the offenses charged, and the trial court sentenced Appellant to seven years confinement in the Institutional Division of the Texas Department of Criminal Justice. The trial court, however, granted its permission for Appellant to appeal its ruling denying the motion to suppress evidence and granted (CR 00007), Appellant a personal recognizance appeal bond (CR 00080, 00081). Appellant filed his notice of appeal to the Twelfth Court of Appeal on May 13, 2015 (CR 00082,00083).

**STATEMENT REGARDING ORAL ARGUMENT**

Appellant does not believe oral argument is called for in this case.

**ISSUES PRESENTED**

**APPELLANT'S POINT OF ERROR**

The trial court erred in denying Appellant's Motion to Suppress Evidence because the search of Appellant's cellular telephone was conducted without a warrant, without probable cause and in violation of Appellants right to privacy.

**STATEMENT OF FACTS**

On October 23, 2014, the Honorable Paul E. White conducted a hearing on Appellant's Motion to Suppress and denied said motion on October 24, 2015 (CR

1

00055, RR 2/71). On January 26, 2015, the Honorable Paul E. White began conducting a hearing for adjudication sentencing wherein the Appellant pled no contest to the offense of a third degree felony (RR 3, 4). However the adjudication proceedings were recessed and continued on May 1, 2015, at which time the Appellant was sentenced to seven (7) years confinement to Texas Department of Criminal Justice, Institutional Division (CR 00078). During the Sentencing Hearing for Appellant, the Honorable Paul E. White referred to the PSI report yet did not enter it into evidence (CR 00065, RR 3/4). On Wednesday, May 13, 2015, Appellant filed his Notice to Appeal (CR 00082.

## SUMMARY OF THE ARGUMENT

On December 3, 2013, Appellant was confronted by a two uniformed Huntington ISD officers after at a Huntington High School basketball game. Appellant was watched by Officer Mike Jenkins throughout the basketball game and upon the conclusion of said game, both Officer Mike Jenkins and Officer Reynolds. After briefly speaking with Appellant, Officer Mike Jenkins testified at the hearing on the motion to suppress that he asked Appellant to speak to him (Officer Jenkins) outside in an area out of sight of the public and further asked the Appellant to sit in his patrol car (RR 2/17), at which time he obtained Appellant's cellular telephone by telling the Appellant that if he did not give the Officer his telephone he would be taken to jail (RR 2/8). No warrant was produced for the telephone at the time that Officer Jenkins conducted the initial search which he testified he had the Appellant's telephone 5 minutes and was 15 to 20 pictures into the camera roll before finding what purported to be pornographic images (RR 2/20). Appellant asserts that the trial court erred in denying his motion to suppress the evidence obtained and the evidence seized after the search of his cellular telephone because the search was conducted without a warrant, without probable cause, and in violation of his constitutional rights.

2

## ARGUMENT

The trial court erred in denying Appellant's Motion to Suppress Evidence because the search of Appellant's cellular telephone was conducted without voluntary consent, without warrant, without probable cause and in violation of Appellants right to privacy.

The Fourth Amendment to the United States Constitution reads:

The right of the people to be secure in their persons, houses, papers and effects against unreasonable searches and seizures, shall not be violated, and no Warrant shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. CONST. Amend 4, Its Texas counterpart, Article I, Section 9 of the Texas Constitution reads:

The people shall be secure in their persons, houses, papers and possessions, from all unreasonable seizures, and no warrant to search any place, or to seize any person or thing, shall issue without describing them as near as may be, nor without probable cause, supported by oath or affirmation.

The Fourth Amendment protects against unreasonable searches and seizures by government officials.

The standard of review in this case is one of abuse of discretion. *Swain v. State*, 181 S.W. 3d. 359, 365 (Tex.Crim.App.2005). Further, the Court must consider the totality of the circumstances in making a decision. *Kothe v. State,* 152 S.W.3d 54, 62-63 (Tex.Crim. App.2004).

A warrantless search is reasonable only if it falls within a specific exception to the Fourth Amendment's warrant requirement. *Kentucky v. King*, 563 US ___,___. Officers may examine the phone's physical aspects to ensure that it will not be used as a weapon, but data on the phone can endanger no one. Further, in *Riley v. California*, 573 U.S. ____, 134 S. Ct. 2473,189 L. Ed.2d 430 (2014) the Court ruled that the information on a cell phone is not immune from search but that a warrant is generally required before such a

3

search, thus distinguishing a cell phone from automobiles and residences as it may contain sensitive and most personal data in the greatest detail.

While it is not disputed that the officer's search of the contents of Appellant's cell phone constituted a search, the question then turns on whether or not there existed probable cause to believe a crime had occurred that justified said search, and whether or not consent was given by Appellant for the search of the cell phone.

**Probable Cause:**  The officer testified at the hearing on the motion to suppress, that the night prior to the date of contact with Appellant, he was approached by a coach from another district within the county and advised Appellant had been given a criminal trespass not to come to their campus for allegedly taking inappropriate pictures of their cheerleaders and just students in general (RR 2/14).  Butressed with that hearsay information, the Officer testified that the night in question, when he saw Appellant arrive at the basketball game, Appellant entered the gymnasium and sat in the student section but the Appellant never stood up, and never paid attention to the basketball game but rather remained seated and had his phone in his hand the entire time, although he could not tell if the Appellant had taken any photographs (RR 2/16).  Upon the conclusion of the basketball game the Appellant was asked by the officer to step out back and sit in his patrol car to talk.  The officer testified that he basically detained the Appellant and kept him there to investigate the crimes based on information he got from other districts (RR 2/18), although later the Officer testified that he did not witness Appellant commit a crime the night in question (RR 2/26) and that he felt the Appellant had been taking inappropriate photographs. Again the officer contradicted himself in that previously he testified that he could not tell if the Appellant had taken any photographs (RR 2/16).  Further, Officer Jones also testified at the sentencing hearing on January 26, 2015

that while he did testify at the hearing on the Motion to Suppress, his testimony varied essentially from on hearing to his testimony at the second (RR 3/9).

It is important to note that simply being a public place taking pictures or being engaged in your cell phone and not involved in the sporting event at hand, does not in any way suggest that the Appellant was, had been, or soon would be, engaged in criminal activity. *Arguellez v. State,* Nos. PD–0997–12,PD–0998–12 (Tex. Crim. App. Sept. 18, 2013).

**Voluntariness of Consent:** The officer further testified that once the Appellant voluntarily handed him the cell phone, something the Appellant disputes, he had the telephone about five minutes before finding what purported to be a pornographic image of a child ten to fifteen years of age, completely naked and her legs spread to where you could see her vagina. (RR 2/20). No images or photographs of local students were found within the cell phone contents. It was at that point that Officer Jenkins terminated the encounter and seized the telephone so he could obtain a warrant before proceeding any further.

The decision of voluntariness must be made from a totality of circumstances in which factors to be considered are the characteristics of the accused and the details of the police confrontation, including his youth, lack of education, low intelligence, lack of any advice given to him of his constitutional rights, the length of detention if any, the repeated efforts by police to secure that consent, the prolonged nature of that effort, any physical punishment or deprivation and others. *Schneckloth v. Bustamante*, 412 U.S. 218(1973).

Further, consent granted in submission to authority rather than an understanding of intentional waiver of a constitutional right is not voluntary consent. *Johnson v. United States*, 255 U.S. 313 (1921)

5

Appellant testified that officers told him if he did not give them his cell phone, they would take him to jail (RR 2/8) and when questioned specifically if he turned over the telephone to the officer voluntarily, Appellant testified he did not (RR 2/10). His consent to search his cellular telephone was done under the submission to the authorities who had him sitting in squad car in the back of the school with no other witnesses. Later, Investigator Jones testified that consent on December 3, 2013 would be a problem as there was no written consent and no warrant for the search of the telephone (RR 2/63). Investigator Jones also testified that on December 4, 2013, he met Appellant with a recording device to obtain consent to search his residence after a judge denied a warrant stating there was no positive link between the residence and the cell phone (RR 2/64). On the recording the Investigator goes as far as to question the Appellant as to whether or not he granted consent to search the telephone the previous night. (RR2/65). However, the recording itself is a futile attempt by authorities to memorialize any type of consent that would have been necessary in order to make the cell phone search on December 3, 2013 and its findings legal after the fact.

At the sentencing hearing, Jean Stanley, a court appointed licensed professional counselor, and also a licensed forensic mental health specialist, testified that she conducted a forensic evaluation of Appellant and made a report of her findings and conclusions but although offered as evidence, without objection, and referenced during the sentencing, the report was not admitted (RR 3/3).

Further, Dr. Stanley testified that Appellant was born with Pierre Robins Syndrome, underwent several surgeries and as a result was subjected to bullying and abuse as a child making him socially inept (RR 3/31,32). Dr. Stanley also testified that Appellant had an IQ of 75 which is below average

6

for someone his age (RR 3/18). Although Appellant attended college, his GPA was 1.9 and he also enlisted in the US Army but did not make it because he missed his mother and home, indicating he struggled (RR 3/24). In reality the peculiar activity that Officer Jenkins testified he observed in Appellant in all honesty may have simply been a circumstance of the Appellant's appearance due to his birth defect and his social awkwardness.

By removing Appellant away from public view and witnesses, and by threatening Appellant to take him to jail should he deny access to the telephone, the consent to search his telephone was by no means freely and voluntarily given.

The trial court erred in denying Appellants Motion to Suppress evidence in that the burden of proof as to probable cause for a warrantless search lay with the State to show he had reason to believe a crime was being committed or about to be committed by the actions of Appellant and in the absence of probable cause, then consent must be clearly obtained before infringing upon Appellant's expectation to privacy. The State failed to show that there was probable cause and failed to show that consent was freely and voluntarily given in view of the totality of the circumstances.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, should the Court of Appeals to sustain the point of error herein above detailed and reverse the judgment of the trial court and either render a judgment for Appellant or remand the case for a further proceedings in this case.

Respectfully submitted,

7

JERRY N. WHITEKER

Court Appointed Attorney
for Appellant
State Bar No.21361500
406 N. First Street
P.O. Box 1443
Lufkin, Texas 75902-1443
Tel: (936) 632-5551
Fax: (936) 632-9550

By:_/s/Jerry N. Whiteker_____
    Jerry N. Whiteker

## CERTIFICATE OF SERVICE

This is to certify that on July 30, 2015, a true and correct copy of the above and foregoing Brief for Appellant was served by electronic delivery on Assistant District Attorney of Angelina County, Texas, April Ayers-Perez, P.O. Box 908 Lufkin, Texas 75902, (936) 632-5090 and by certified mail, return receipt requested, to Mr. Eric Clark Allen, TDCJ Number 1998968, Byrd Unit, 21 FM 247, Huntsville, Texas 77320.

SIGNED this 30 day of July, 2015.

_/s/Jerry N. Whiteker_____
JERRY N. WHITEKER
Court Appointed Attorney
for Appellant
State Bar No.21361500
406 N. First Street
P.O. Box 1443
Lufkin, Texas 75902-1443
Tel: (936) 632-5551
Fax: (936) 632-9550

**CERTIFICATE OF COMPLIANCE**

I, Jerry N. Whiteker, attorney for Appellant, Eric Clark Allen, certify that this document was generated by a computer using Microsoft Word 2007 which indicates that the word count of this document is 2,105 per Tex. R. App. P. 9.4(i)(3).

                                    __/s/Jerry N. Whiteker _____
JERRY N. WHITEKER
Court Appointed Attorney
for Appellant
State Bar No.21361500
406 N. First Street
P.O. Box 1443
Lufkin, Texas 75902-1443
Tel: (936) 632-5551
Fax: (936) 632-9550

CASE NUMBER:

12-15-00131-CR

_____

IN THE

COURT OF APPEALS FOR THE

TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

_____

ERIC CLARK ALLEN V. THE STATE OF TEXAS

_____

From the District Court

159th Judicial District

Angelina County, Texas

Trial Case Number: 2014-0063

The Honorable Paul White, Judge Presiding

_____

APPELLANT'S APPENDIX

_____

# APPENDIX TABLE OF CONTENTS

<u>DOCUMENT</u>                                                                                          <u>TAB</u>

Text of Codes Cited.......................................................................1

## CODES CITED

**TEX. CONST. Art. 1, Sec.9**

**SEARCHES AND SEIZURES. The people shall be secure in their persons, houses, papers and possessions, from all unreasonable seizures or searches, and no warrant to search any place, or to seize any person or thing, shall issue without describing them as near as may be, nor without probable cause, supported by oath or affirmation.**

**U.S. Constitution – Amendment 4**

The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.